**Merrari VALLE–MONTES, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Department of Homeland Security, Respondent.**

No. 07–3969.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 19, 2009.

Opinion filed Aug. 21, 2009.

Joyce A. Phipps, Esq., Plainfield, NJ, for Petitioner.

Richard M. Evans, Esq., Brooke M. Maurer, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FUENTES, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Merrari Valle–Montes petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed her appeal of an Immigration Judge's (IJ's) final removal order. We will deny the petition for review.

## I.

Valle–Montes is a native and citizen of El Salvador. She was apprehended when she entered the United States without inspection and was placed in removal proceedings. She conceded that she was removable for being present without lawful admission or parole, but applied for asylum and withholding of removal. Valle–Montes' asylum application is based on an incident that occurred on April 22, 2004 in El Salvador. Valle–Montes testified that on that day, she was riding in her father's car when four tattooed men stopped the car by force. She and her father were ordered out of the car and she was forced to walk up the road about ten meters with two men from the group while two men remained behind with her father. The men told her they planned to rape her. They stayed with her for about 30 minutes, but suddenly fled when a car approached. The gang members robbed her father. Valle–Montes also submitted to the IJ a sworn written statement that her father made to the police. The father's account differs somewhat. He said that he stopped the car to help a motorist. He told police that his daughter was driven away in a car for about 2 kilometers, and that the gang members threw her out of the car into a field and immediately fled. His report does not mention gang members remaining with him.

The IJ noted that the State Department's country report and other written documentation submitted discussed violent criminal gangs operating in El Salvador. The IJ found that Valle–Montes was partially credible, and believed that Valle–Montes suffered a traumatic experience on April 22, 2004, but did not find her credible regarding the details. However, the IJ found that even if she assumed Valle–

Montes were credible, the applications failed, as Valle–Montes had not shown that she was persecuted on account of a protected ground. The IJ noted that both Valle–Montes and her father suffered similar treatment; they were both victims of crime, and it did not appear that she was singled out because of her gender or any other protected ground. The IJ found that Valle–Montes had further not shown that the police were unable or unwilling to help her. The IJ held that Valle–Montes had not established a well-founded fear of persecution in the future, and found that there was no evidence that the incident was anything but random.

The BIA upheld the IJ's finding that Valle–Montes had failed to support her application with sufficiently credible evidence. Alternatively, the BIA agreed that even if Valle–Montes were found to be credible, no evidence showed she or her father were mistreated on account of a protected ground. Valle–Montes filed a timely petition for review.

## II.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. Where, as here, the BIA adopted some of the findings of the IJ and made additional findings, we review the decisions of both the BIA and the IJ. *Gomez–Zuluaga v. Attorney General*, 527 F.3d 330, 339 (3d Cir.2008). To be granted asylum as a refugee, an applicant must establish that she is unable or unwilling to return to her homeland "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, mem-

bership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To be entitled to withholding of removal, an applicant must prove that her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). It is well-recognized that an alien who is unable to establish refugee status for the purpose of asylum will be unable to establish the right to withholding of removal. *See Zubeda v. Ashcroft*, 333 F.3d 463, 469–70 (3d Cir. 2003).

As noted, the BIA agreed with the IJ's determination that Valle–Montes had not supported her application with sufficiently credible evidence. Valle–Montes argues that the IJ should have taken her testimony when her older brother was not in the room, and should have taken her age into consideration.[1] It is possible that Valle–Montes may have been more forthcoming regarding what took place on April 22, 2004 if her brother had not been present, and if the IJ had taken into account that she was only 19 at the time of the hearing. However, we do not find it necessary to remand for a new hearing, as we agree with the BIA's alternative holding that Valle–Montes did not produce evidence showing she or her father were mistreated on account of a protected ground

Valle–Montes is raising a claim of persecution based on membership in a particular social group. The BIA opined that the group was perhaps "woman" [sic] or "woman [sic] who have been victims of rape."[2] A.R. 2. "Women who have been

1. Valle–Montes did not argue these points in her brief to the BIA; however, she did raise them in her notice of appeal to the BIA. We therefore have jurisdiction to consider the arguments. *Hoxha v. Holder*, 559 F.3d 157, 159 (3d Cir.2009).

2. Valle–Montes did not mention being raped in her asylum application or in her testimony. However, she attached to her brief to the BIA a document, dated November 2, 2006, that appears to be the report of an interview at the New Jersey Center for the Rehabilitation of

victims of rape" would not be a cognizable particular social group, as the "group" must exist independently of the persecution. *Lukwago v. Ashcroft*, 329 F.3d 157, 172 (3d Cir.2003). Valle–Montes vaguely defines the group as "based on her gender and the way that her government in El Salvador fails to protect her on account of her gender and claim." Petitioner's Brief at 12. Valle–Montes states that proposed regulations would recognize gender as a *per se* social group, but recognizes that those regulations have not been finalized. Petitioner's Brief at 13. Even if gender, standing alone, would be a cognizable particular social group, criminal activity, such as rape, does not constitute persecution when it is not motivated by a protected ground. As both Valle–Montes and her father were victimized in the attack, it is not clear that the attackers were motivated by Valle–Montes's gender. *See Niang v. Gonzales*, 422 F.3d 1187, 1199–1200 (10th Cir.2005) (focus should not be on whether gender can constitute social group, but on whether "members of that group are sufficiently likely to be persecuted that one could say that they are persecuted 'on account of' their membership"); *see also Gomez–Zuluaga*, 527 F.3d at 345 n. 10 (It is not necessary for us to determine whether this is a cognizable "particular social group" under the statute, because there is substantial evidence in the record to conclude that [the perpetrator] was not motivated by Petitioner's membership in a particular social group[.] ).

Further, even if the proposed regulations mentioned by Valle–Montes were in effect, those regulations do not eliminate the requirement that to constitute persecution, the harm "must be inflicted by the government of the country of persecution or by a person or group that government is unwilling or unable to control." Asylum and Withholding Definitions, 65 Fed.Reg. 76588, 76597 (Dec. 7, 2000) (to be codified at 8 C.F.R. § 208.15). Valle–Montes provided background evidence that female crime victims are not well-protected in El Salvador, but in her case, the police took her (and her father's) statements. She testified that although she knew the name of one of the gang members, she declined to give it to the police. The IJ also noted that given the differing accounts of Valle–Montes and her father, police may have had difficulty in investigating the crime. Thus, it is not clear that Valle–Montes gave the police an opportunity to control her attackers, and she produced no evidence that the police were unwilling to try to do so in her case.

Because substantial evidence supports the BIA's conclusion that Valle–Montes did not meet her burden of showing that she suffered persecution on account of a protected ground, we will deny the petition for review.

Torture Victims, during which she apparently reported that she had been raped by at least two of the men during the attack in El Salvador on April 22, 2004. A.R. 14–15. The BIA is an appellate body that does not engage in fact-finding on appeal. 8 C.F.R. §§ 1003.1(d)(1) & (d)(3)(iv). However, even if the BIA had considered the new evidence as a motion to remand for further fact-finding, *see* 8 C.F.R. § 1003.1(d)(3)(iv); it would have been justified in denying such a motion, as Valle–Montes did not show a nexus between her treatment and her membership in a particular social group.