**IMG-149**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 09-2815

—————

OBAID SULTANI,
                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                            Respondent

—————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 079-303-461)
Immigration Judge: Charles M. Honeyman

—————

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2010

Before:   SLOVITER, JORDAN AND GREENBERG, Circuit Judges

(Opinion filed: April 7, 2010)

—————

OPINION

—————

PER CURIAM

        Petitioner Obaid Sultani, a citizen of Afghanistan, entered the United States in

October 2001 on a K-1 visa in order to effectuate his arranged marriage to Nazila

Sherzada, a United States citizen. Sultani and Sherzada were married in New York in

January 2002, but they divorced soon after. As a result, the Government sought Sultani's removal from the United States. To block his removal, Sultani filed for asylum, withholding, and protection under the Convention Against Torture ("CAT").

At a hearing before the Immigration Judge ("IJ"), Sultani testified that he was born in Kabul. He testified that his ex-wife, Sherzada, is the daughter of his father's sister. Sultani testified that his marriage to Sherzada deteriorated because of problems with her brothers, whom they lived with in New York. (AR 259) ("They were trying to use me as a servant in the house . . . They always insulted me, they always intimidated me.") Sultani testified that Sherzada's brothers persuaded Sherzada to divorce him so that he would be deported to and killed in Afghanistan. Sultani testified that he was subject to a one-year Protection From Abuse order in New York, which resulted from domestic violence charges brought by Sherzada.[1]

Sherzada gave telephonic testimony at the hearing. She testified that Sultani is her first cousin, that they are both Sunni Muslims, and that they grew up together in Kabul. Sherzada testified that after her divorce from Sultani, she received threatening telephone calls from Sultani's sister concerning Sultani's removal proceedings. Sherzada's brother, Fahim, also testified telephonically. Fahim's testimony in large part mirrored Sherzada's.

The IJ denied Sultani's applications for asylum and withholding of removal based

---

[1] The domestic violence case was eventually dismissed.

on an adverse credibility determination and the failure of Sultani to corroborate "any of his factual contentions."[2] The IJ also found that, Sultani's credibility and corroboratory deficits notwithstanding, "individuals who have divorced in violation of the social norms of Afghanistan" do not constitute a protected class under the immigration statutes, and that even if they did, Sultani's fear of persecution on account of his membership in that group was not objectively reasonable based on the documentary evidence of record. Finally, the IJ found that Sultani had failed to articulate a "basis for this Court to credit that it is more than likely that he would be tortured should he be returned to Afghanistan."

The Board of Immigration Appeals ("BIA") dismissed Sultani's appeal. The BIA found that Sultani "presented no evidence that his ex-wife's family in Afghanistan has any animosity toward him," and that "[h]e has not claimed that he or his mother who lives in Afghanistan has received any threats from his ex-wife's family." As such, the BIA found that "[t]he record evidence does not support a conclusion that his ex-wife's family would seek to harm him because he was divorced." The BIA also found that Sultani had failed to demonstrate eligibility for withholding of removal and CAT protection. Sultani appealed.[3]

---

[2] Even though Sultani "admitted that his original asylum application and affidavit contained knowing falsehoods," the IJ did not use this as a basis for his adverse credibility determination.

[3] We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). Because the BIA rendered its own decision and did not merely adopt the opinion of the IJ, we review the BIA's decision, not that of the IJ. See Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir. 2008).

We conclude that a reasonable adjudicator would not be compelled toward findings contrary to those of the BIA. See 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). Even accepting Sultani's testimony as credible, and further accepting that "Afghani divorcees" are a "particular social group" for asylum purposes, as the BIA did, the Board's finding that Sultani does not have a well-founded fear of future persecution is supported by substantial evidence.

In particular, we perceive no error in the BIA's finding that Sultani's mother, who has resided in Afghanistan at all relevant times, has never been harmed or threatened by anyone in Sherzada's family. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) ("[W]hen family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished."). Nor has Sultani been threatened by Sherzada's family in Afghanistan. Furthermore, as the BIA properly found, Sultani's allegations of physical abuse at the hands of his ex-wife are not supported and in fact are contradicted by the evidence of record in this case. (AR 392-93) (Judgment of Divorce, stating that the marriage "is hereby dissolved by reason of: the cruel and inhuman treatment of [Sherzada] by [Sultani]."); (AR 395-96) (Criminal Complaint against Sultani alleging domestic abuse of Sherzada); (AR 394, 397) (Temporary Restraining Orders against Sultani).

We also conclude that Sultani, who is represented by counsel, has effectively

4

waived his challenge to the denial of his withholding and CAT claims. See Chen v.

Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004); Ghana v. Holland, 226 F.3d 175, 180 (3d Cir.

2000). "Rule 28(a) of the Federal Rules of Appellate Procedure and our Local Appellate

Rule 28.1(a) require appellants to set forth the issues raised on appeal and to present an

argument in support of those issues in their opening brief." Ghana, 226 F.3d at 180.

Having failed to comply with those rules, Sultani fails to garner our review of his non-

asylum claims.[4]   Accordingly, we will deny the petition for review.

---

[4] In addition to effectively waiving issues, counsel for Sultani presents an inordinate number of issues that we lack jurisdiction to consider. See Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009) (an alien must "raise or exhaust his or her remedies as to each claim or ground for relief [before the BIA] if he or she is to preserve the right of judicial review of that claim"). For example, counsel appears to argue, for the first time in this case, that Sultani's "coerced marriage" is grounds for asylum. (Pet. Br. at 11.) Even more troubling, however, is that counsel's arguments rely in part on facts not contained in the administrative record. Notably, Sultani did not "testif[y] that the Afghan religion would not permit him to divorce, without seeking permission from the main cleric," (Pet. Br. at 10), or to anything of that effect.