

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-2-2009

# Hoxha v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 07-2940

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Hoxha v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1634.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1634

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-2940

ILIR HOXHA; FJORALBA HOXHA;
BRENDA HOXHA,

Petitioners

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE
UNITED STATES;EMILIO GONZALEZ, DIRECTOR,
UNITED STATES CITIZENSHIP AND IMMIGRATION
SERVICES; UNITED STATES DEPARTMENT OF
JUSTICE EXECUTIVE OFFICE FOR IMMIGRATION
REVIEWBOARD OF IMMIGRATION APPEALS,

Respondents

---

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A79-433-629, A79-433-630, and A79-433-631.
Immigration Judge: Michael W. Straus

---

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)

September 9, 2008

Before: SCIRICA, *Chief Judge*, McKEE, and SMITH, *Circuit Judges*

(Filed: March 02, 2009)

Douglas A. Grannan
Law Office of Greg Prosmushkin
9637 Bustleton Avenue
Philadelphia, PA 19115-0000
*Counsel for Petitioners*

Monica G. Antoun
Paul F. Stone
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044-0000
*Counsel for Respondent*

---

OPINION

---

SMITH, *Circuit Judge*.

Petitioners Ilir Hoxha (Hoxha), his wife Fjoralba, and his daughter Brenda, petition for review of the order of the Board

of Immigration Appeals (BIA), which affirmed the denial by the Immigration Judge (IJ) of Hoxha's application for asylum and withholding of removal.[1] Hoxha contends that we should grant the petition for review because the IJ abused his discretion by denying a motion by counsel for a continuance. The government asserts that we lack jurisdiction to review this contention because, although Hoxha raised this point in his Notice of Appeal filed with the BIA, he did not address the issue in the brief he filed thereafter. In short, the government asserts that Hoxha failed to exhaust the issue. For the reasons set forth below, we conclude that the issue was exhausted and that we have jurisdiction. Nonetheless, because the BIA did not address whether the IJ erred by denying the motion for a continuance, we will remand this case to the BIA for it to address that issue in the first instance pursuant to *I.N.S. v. Ventura*, 537 U.S. 12, 17 (2005).

I.

Ilir, Fjoralba, and Brenda Hoxha are natives and citizens of Albania. They arrived in Miami, Florida in January of 2002, and requested asylum, withholding of removal, and relief under the Convention Against Torture (CAT) as applicants under the

---

[1]Fjoralba Hoxha's and Brenda Hoxha's claims are derivative of Ilir Hoxha's claims for asylum and withholding of removal. For that reason, we discuss the proceedings as they pertain to Ilir Hoxha's application.

Visa Waiver Pilot Program. Their claims were referred to an IJ. Hoxha retained Florida counsel, who filed a motion to transfer venue to Pennsylvania, where his sisters lived. The motion was granted, and a hearing was scheduled in Philadelphia for September 5, 2002. After several continuances and the appearance of new counsel on two occasions, Hoxha appeared for a hearing before an IJ on December 6, 2005. At that time, his third attorney moved to withdraw in the presence of yet another attorney, who was ready to enter his appearance on Hoxha's behalf. The IJ granted the motion to withdraw, but denied the new counsel's request for one more continuance. At the conclusion of the hearing, the IJ denied Hoxha's application for asylum, withholding of removal, and the protections of the CAT.

Hoxha's counsel filed a timely appeal to the BIA. The Notice of Appeal listed four reasons for the appeal. The first reason stated: "The Immigration Judge erred in denying [the] request for a continuance as his previous attorney withdrew just prior to his individual hearing. For this reason, [Hoxha's] counsel was not able to assist him in preparing his claim." The other three issues pertained to the merits of Hoxha's claim for asylum. In response to an inquiry in item eight of the Notice of Appeal form, Hoxha indicated that he intended to file a separate written brief.

Consistent with his response in the Notice of Appeal form, Hoxha filed a brief in support of his appeal. The brief

4

addressed the merits of his claim for asylum and withholding of removal. It was silent, however, as to whether the denial of the continuance was error.

On appeal, the BIA affirmed the IJ's denial of asylum and withholding of removal. It did not address in its opinion Hoxha's contention that the IJ had erred by denying the motion for a continuance.

This timely petition for review followed. Hoxha does not take issue with the BIA's decision denying him asylum and withholding of removal. He argues only that the IJ abused his discretion by denying the motion made by Hoxha's new counsel for a continuance. Because this issue was not addressed in the brief filed with the BIA, the government asserts that the issue has not been exhausted and that jurisdiction is lacking.

II.

Section 1252(d) of the Immigration and Nationality Act provides that the courts of appeals "may review a final order of removal only if–(1) the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). In *Abdulrahman v. Ashcroft*, 330 F.3d 587 (3d Cir. 2003), we declared that this statutory provision required an alien "to raise or exhaust his or her remedies as to each claim or ground for relief [before the BIA] if he or she is to preserve the right of judicial review of that claim." *Id.* at 595. In

scrutinizing Abdulrahman's Notice of Appeal and his brief, we were unable to find any suggestion that he challenged at the administrative level the specific ground raised in his petition for review before this Court.[2]  As a consequence, we determined that jurisdiction was lacking and that "review on that ground [had] been foreclosed."  *Id.*[3]

In *Bhiski v. Ashcroft*, 373 F.3d 363 (3d Cir. 2004), we considered whether we had jurisdiction to review an alien's due process challenge because, although the due process issue was clearly raised in the Notice of Appeal filed with the BIA, the alien had failed to file a supporting brief.  We refused to hold that Bhiski had failed to exhaust his claim under § 1252(d)(1) as

_____

[2]Abdulrahman argued before the BIA that the IJ's findings, including the adverse credibility determination, were not supported by substantial evidence.  330 F.3d at 594. Before this Court, Adbdulrahman asserted that the IJ erred by applying to his asylum claim the more stringent standard governing claims for withholding of removal.  *Id.*

[3]As we explained in *Lin v. Attorney General*, 543 F.3d 114 (3d Cir. 2008), there remains a question as to whether issue exhaustion as set forth in *Abdulrahman* is a jurisdictional requirement or simply a mandatory rule.  *Id.* at 120 n.6. Nonetheless, as we noted, "short of a review en banc, we must dutifully apply [our] precedent," which holds that issue exhaustion as required by § 1252(d)(1) is a jurisdictional rule. *Id.*

he had "made some effort to exhaust, albeit insufficient . . ." and there was "nothing in the regulatory scheme that compel[led] the conclusion." *Id.* at 367. Because the issue was exhausted, we concluded that we had jurisdiction to consider the due process challenge.

We have yet to consider the question presented here: whether we have jurisdiction to review an issue raised by a party in a notice of appeal, but not addressed in the party's brief to the BIA.[4] After considering the case law and the applicable regulation, we conclude that the identification of an issue in a party's notice of appeal satisfies the statutory requirement of exhaustion provided that the description of that issue in the notice sufficiently apprises the BIA of the basis for the appeal. Failure to address that issue in the brief subsequently filed with the BIA will not deprive us of jurisdiction.

A.

As we noted above, in *Bhiski*, we considered whether jurisdiction was lacking because the alien failed to file a brief in support of his appeal to the BIA. 373 F.3d at 368. Our analysis in that case began with the regulation governing the filing of a notice of appeal with the BIA. 8 C.F.R. § 1003.3. We emphasized that the regulation did not mandate the filing of

---

[4]We review "jurisdictional matters de novo." *Singh v. Ashcroft*, 383 F.3d 144, 151 (3d Cir. 2004).

7

a brief with the BIA. Instead, it specified that the appellant "must identify the reasons for the appeal in the Notice of Appeal," and must indicate if he or she would be filing a brief in support of his or her appeal. 8 C.F.R. § 1003.3(b). This latter requirement, we observed, "certainly suggests that filing a brief is optional rather than mandatory." 373 F.3d at 368.

We also noted that these observations were consistent with the fact that the Notice of Appeal Form EIOR–26 contained a warning in a box, instructing that the "failure to specify the factual or legal basis for the appeal *may* lead to summary dismissal . . . unless you give specific details in a timely separate written brief or statement filed with the Board." *Id.* (quoting Form EIOR–26). Thus, the appeal form also "indicate[d] the optional nature of the brief." *Id.* As additional support, we cited the BIA's own case law, which acknowledged that a brief may be essential when an issue raised is complex. *Id.* (citing *Matter of Valencia*, 19 I & N. Dec. 354, 355 (BIA 1986)). We concluded that "no brief is required as long as the notice of appeal does precisely what it is intended to do–place the BIA on notice of what is at issue." *Id.* Because Bhiski's Notice of Appeal sufficiently raised the issue on which he sought judicial review, we determined that the issue was exhausted and that we had jurisdiction.

In *Yan Lan Wu v. Ashcroft*, 393 F.3d 418 (3d Cir. 2005), the government argued that jurisdiction was lacking because Yan Lan Wu had failed to put the BIA on notice of her claim

that the IJ erred by basing his decision on only her airport interview. Yan Lan Wu's Notice of Appeal argued that the IJ erred by ignoring certain facts pertinent to her claim of persecution, namely that her father had been imprisoned and tortured by the government, and by finding that she feared the local people, rather than the police or government. In her supporting brief, Wu asserted that she had presented sufficient evidence of both past persecution and her fear of future persecution. We reiterated that in *Bhiski* we held that "so long as an immigration petition makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies." *Id.* at 422 (discussing *Bhiski*, *supra*). Applying this standard, we acknowledged that Yan Lan Wu did not explicitly argue that the IJ erred by considering only her airport interview. Nonetheless, we determined that the contention in her Notice of Appeal that the IJ's decision was "not supported by substantial evidence within the record" was sufficient to put the BIA "on notice that there was a claim of error hovering around the [IJ's] findings and . . . exclusive reliance on the airport interview . . . ." *Id.*

Consistent with our approach employed in *Yan Lan Wu*, we scrutinized both the Notice of Appeal and the brief submitted to the BIA in *Lin v. Attorney General*, 543 F.3d 114 (3d Cir. 2008), to determine whether Lin had challenged the IJ's adverse credibility determination. *Id.* at 122. We concluded that neither Lin's Notice of Appeal nor his brief alerted the BIA that he was

9

challenging the IJ's credibility finding. We found jurisdiction to exist, however, because the BIA had sua sponte considered and sustained the IJ's adverse credibility finding. *Id.* at 123–25.

*Bhiski*, *Yan Lan Wu*, and *Lin* instruct that our focus must be on the nature of the notice provided to the BIA by both the Notice of Appeal and any brief filed with the BIA. This approach is consistent with "the liberal exhaustion policy outlined in *Bhiski* and *Yan Lan Wu*, [that] an alien need not do much to alert the Board that he is raising an issue." *Joseph v. Attorney General*, 465 F.3d 123, 126, (3d Cir. 2006). Plainly, the nature of the notice provided is central to the inquiry of exhaustion because only notice that is legally sufficient will afford the BIA an opportunity to resolve the controversy in the first instance. *See Bonhometre v. Attorney General*, 414 F.3d 442, 447 (3d Cir. 2005) (instructing that the determination of whether exhaustion is required under § 1252(d)(1) requires that "(1) the alien's claim was within the jurisdiction of the BIA to consider and implicated agency expertise, and (2) the agency was capable of granting the remedy sought by the alien"); *see also Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (observing that administrative exhaustion "prevent[s] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review").

Accordingly, we conclude that our case law does not foreclose judicial review of an issue that was sufficiently raised in a notice of appeal to the BIA, but never argued in the brief subsequently submitted to the agency.

B.

Regulation § 1003.3 governs the filing of a notice of appeal with the BIA. 8 C.F.R. § 1003.3. As we noted in *Bhiski*, that regulation directs that the "'party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR 26 or Form EIOR 29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i).'" 373 F.3d at 368 (quoting 8 C.F.R. § 1003.3(b)). Although the regulation provides that the party taking the appeal must indicate if a separate written brief will be filed in support of the appeal, the paragraph pertaining to the briefs for appeals from an IJ's decision specifies only where and when such briefs shall be filed. 8 C.F.R. § 1003.3(c). The regulation is silent as to what the brief must contain. *Compare* 8 C.F.R. § 1003.3(c) with Fed. R. App. P. 28(a) (listing what an appellant's brief "must contain"). Accordingly, there is no regulatory directive that clearly instructs an appellant that it must include in any brief filed with the BIA any issues initially identified in the notice of appeal. More importantly, the regulation does not apprise the party taking the appeal that failure to address in an optional brief an issue identified with clarity in a notice of appeal filed with the BIA will preclude

11

review of the BIA's adverse ruling on that issue.

Consistent with regulation § 1003.3(b), the Notice of Appeal Form EIOR–26 completed by Hoxha instructed in item six that the party filing the appeal must "[s]tate in detail the reasons for this appeal." Like the regulation, the notice of appeal form warned that the appellant "must clearly explain the specific facts and law on which you base your appeal" and that the appeal may be summarily dismissed if the BIA "cannot tell from this Notice of Appeal . . . why you are appealing." Nothing in the form, or the briefing notice that was issued to Hoxha upon the completion of the transcript, cautions that the brief must include all issues previously identified in the notice of appeal to preserve an issue for judicial review. Rather, the warning on the EIOR appeal form advises the party filing the appeal that it is the identification of the particular issues raised–the notice of how the IJ erred–that is critical to ensuring that the BIA is able to conduct a meaningful review of the IJ's decision.

As in *Bhiski*, 373 F.3d at 367–68, we hold that the regulatory scheme governing appeals to the BIA does not require a party to preserve the right to judicial review of an issue identified in a notice of appeal by also addressing that issue in any brief filed with the BIA.

C.

Case law in both the Sixth and Ninth Circuits is contrary to our holding. *Abebe v. Mukasey*, ___ F.3d ___, 2009 WL 50120 *3 (9th Cir. 2009) (en banc); *Hassan v. Gonzales*, 402 F.3d 429, 433 n.5 (6th Cir. 2005); *Hasan v. Ashcroft*, 397 F.3d

12

417, 420 (6th Cir. 2005); *Ramani v. Ashcroft*, 378 F.3d 554, 558 (6th Cir. 2004). Having examined these cases, we do not find them persuasive.

Neither the alien in *Hasan v. Ashcroft*, 397 F.3d at 420, nor the alien in *Ramani*, 378 F.3d at 558, ever raised the issue on which they sought judicial review in any document filed with the BIA. In *Hassan v. Gonzales*, the Sixth Circuit noted that an issue is waived and unexhausted if, though identified in a notice of appeal, it was never raised in the brief filed with the BIA. 402 F.3d 433 n.5. But the Sixth Circuit did not apply the principle of waiver, rendering its discussion on the subject *dictum*. Instead, without regard to whether the issue was raised in the brief filed with the BIA, the Court determined that the issue was exhausted because the BIA reached the merits of the issue in its decision. 402 F.3d at 433; *accord Lin*, 543 F.3d at 123-25.

In *Abebe v. Mukasey*, ___ F.3d ___, 2009 WL 50120 (9th Cir. 2009) (en banc), the Ninth Circuit relied on the principle of waiver in overruling *Ladha v. I.N.S.*, 215 F.3d 889, 903 (9th Cir. 2000). The *Abebe* Court held that an alien petitioner did not exhaust his claim of withholding of removal because, though raised in his notice of appeal, the issue was not addressed in the brief he filed with the BIA. *Abebe*, 2008 WL 50120 *3. As support for its holding, the Ninth Circuit cited to a footnote in our decision in *Bowers v. National Collegiate Athletic Association*, 475 F.3d 524, 535 n. 11 (3d Cir. 2007). *Bowers*, however, concerned an appeal before this Court, not an administrative appeal before the BIA. The differences in appellate procedure before the BIA and before a federal appellate court are substantial and obvious. For that reason, we

13

are not persuaded that the doctrine of waiver as applied in the courts of appeals should inform our analysis.

We cannot ignore that our federal rules require the filing of a notice of appeal that "designates the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). The appellate rules, however, do not require an appellant at this initial step to specify the facts and law on which an appeal is based. Instead, Appellate Rule 28(a) directs that these matters must be set forth in the brief that is submitted to the court after the preparation of the record. Fed. R. App. P. 28(a). Rule 28(a) further specifies that the appellant must file a brief which "must contain" not only an identification of the issues presented for review, but also "the facts relevant to the issues" and a supporting argument for each issue, with citation to legal authority. Fed. R. App. P. 28(a)(5), (7), and (9). In other words, our appellate procedure mandates that the appellant must provide in a single document–the appellate brief–both the issues for review and the supporting argument. Failure to follow this procedure is fatal to appellant's cause. *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue. . . will not suffice to bring that issue before this court."); *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (citing Appellate Rule 28(a) and reiterating that "[i]t is well settled that if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals").

By contrast, the regulation governing appeals to the BIA

14

requires that the appellant identify in the initial notice of appeal the specific reasons for the appeal, 8 C.F. R. § 1003.3(b), and indicate whether a brief will be filed. The Notice of Appeal Form EIOR–26 urges the appellant to "clearly explain the specific facts and law on which you appeal" so that the BIA can "tell . . . why you are appealing." The appellant is advised to "[a]ttach additional sheets if necessary" to satisfy this specificity requirement. If the party taking the appeal indicates an intent to file a brief, the transcript of testimony is prepared and provided for use in writing the brief to the BIA. Unlike Appellate Rule 28, however, regulation § 1003.3(c) is devoid of any instruction regarding what the brief must contain. There is nothing that demands that the brief reiterate the issues initially identified in the notice of appeal in order to preserve a right to judicial review if the appellant is unsuccessful before the BIA.

D.

Our "liberal exhaustion policy" and the regulatory requirements for filing an appeal instruct that the notice of appeal must set forth sufficient facts and law to inform the BIA of the basis for the appeal. This focus on the specificity of the notice of appeal and whether it sufficiently identifies the alleged error is consistent with the purpose of exhaustion which is to ensure that the agency is given an opportunity to resolve issues raised before it prior to any judicial intervention. *Bonhometre*, 414 F.3d at 447. Here, Hoxha's Notice of Appeal explicitly claimed that the denial of the request for a continuance was error. This assertion of error concerned the process afforded by the IJ. The issue of whether Hoxha received sufficient process was clearly a matter within the BIA's expertise and for which it

15

could grant a remedy.[5] Having been apprised by the Notice of Appeal that the IJ allegedly erred by denying the continuance, the BIA should have addressed the issue. Thus, we conclude that Hoxha's Notice of Appeal, which provided sufficient notice to the BIA of his claim that the IJ erred in denying his continuance, satisfied the exhaustion requirement in § 1252(d)(1).

## III.

In sum, we conclude that the exhaustion of an issue for purposes of 8 U.S.C. § 1252(d)(1) does not require an appellant before the BIA, who has clearly identified an issue in his notice of appeal, to reiterate and to address that same issue in an optional brief. Accordingly, the issue of the propriety of the IJ's denial of a continuance, which was identified clearly in the Notice of Appeal Hoxha filed with the BIA, was exhausted before the BIA. Although we have jurisdiction over the issue, 8 U.S.C. § 1252(a) and (d)(1), we are unable to review it because the BIA failed to address it. For that reason, we will remand this case so that the BIA may address the issue in the first instance as required by *I.N.S. v. Ventura*, 537 U.S. 12, 17 (2005).

---

[5]Hoxha's claim that the IJ erred by denying the continuance could be construed as a claim that he was deprived of his right to due process. Although we have jurisdiction over constitutional claims under 8 U.S.C. § 1252(a)(2)(D), Hoxha would still have to satisfy the exhaustion requirement as his claim concerned procedure, which is a matter within the BIA's expertise and for which it could have fashioned a remedy. *Bonhometre*, 414 F.3d at 447.

16