OPINION OF THE COURT
FUENTES, Circuit Judge:
Leslie E. Woghiren was found deporta-ble by an Immigration Judge (“IJ”), after which he filed an appeal with the Board of Immigration Appeals (“BIA”), which dismissed his appeal. In this petition for review of the BIA’s decision, Woghiren relies upon an argument that he did not present to the BIA. Because Woghiren did not exhaust the claim he raises herein before the BIA, we conclude that we lack jurisdiction over his claim and will dismiss his petition for review.
I.
Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of the issue raised on appeal. Woghiren is a citizen and native of Nigeria who was admitted to the United States on a travel visa in 1986. Thereafter, he became a conditional resident as a result of having married a United States citizen. He filed a Form 1-751 petition, seeking to remove the conditions of his residency, but in 1991 the Immigration Service denied his petition on account of Woghiren’s failure to prove that the marriage was a bona fide “proper marriage.” 8 U.S.C. § 1186a(d)(l)(A).
Later that year, Woghiren was granted advance parole in order to travel to Nigeria, but upon his return, he was placed in exclusion proceedings for having entered the United States without valid entry documents. This placement was apparently in error, because at the time, Woghiren’s appeal of his 1-751 petition was still pending, and he was thus not excludable. Upon Woghiren’s objection to the IJ on this basis, the exclusion proceedings were terminated. The INS again placed Woghi- *386 ren in exclusion proceedings in 1996, but these proceedings were likewise terminated.
In March 1997, the INS charged Woghi-ren with being deportable pursuant to 8 U.S.C. § 1227(a)(l)(D)(i) (providing for the deportability of a conditional permanent resident whose conditional residency has been terminated), but the IJ once again terminated the proceedings because Wogh-iren had filed a second 1-751 application. This application was denied in 2004 for substantially the same reason underlying the denial of Woghiren’s first 1-751 — that is, Woghiren had again failed to prove that his marriage was bona fide. See 8 U.S.C. § 1186a(d)(l)(A).
Following the denial of Woghiren’s second 1-751, the Government sought to re-calendar the deportation proceedings. At a hearing before the IJ, Woghiren, uninformed by counsel or the IJ that he might be able to pursue the remedy of suspension of deportation, conceded that he was deportable. The IJ ordered that Woghiren voluntarily depart the United States by July 2006. Woghiren did not so depart, and instead, in July 2007, filed a motion to reopen the matter, alleging that his prior counsel had been ineffective because he had failed, inter alia, to pursue the remedy of cancellation of removal. The IJ denied the motion, concluding (1) that it was untimely and (2) that cancellation of removal was not called for because Woghiren had not demonstrated the requisite level of hardship to qualify for cancellation of removal.
Woghiren appealed the IJ’s decision to the BIA, contending that during the re-calendared deportation proceedings, the IJ violated his obligation to inform Woghiren of his potential eligibility for cancellation of removal. See 8 C.F.R. § 1240.11(a)(2) (“The immigration judge shall inform the alien of his or her apparent eligibility to apply for any of the benefits enumerated in this chapter and shall afford the alien an opportunity to make application during the hearing, in accordance with the provisions of § 1240.8(d).”) Significantly, in his appeal to the BIA, Woghiren made no mention of the separate remedy for which he now contends he was eligible — ie., suspension of deportation. The BIA dismissed the appeal, explaining that although immigration judges have the duty to inform people appearing before them of their potential eligibility for relief, see id., the remedy Woghiren claimed that the IJ should have informed him of — cancellation of removal — was not available in a deportation proceeding such as Woghiren’s. Following the BIA’s dismissal of his appeal, Woghi-ren petitioned this Court for review.
II.
Under the INA, we may review the BIA’s decision in this case only if Woghi-ren “has exhausted all administrative remedies available to ... [him] as of right.” 8 U.S.C. § 1252(d)(1). We have interpreted this statutory provision to require “an alien ‘to raise or exhaust his or her remedies as to each claim or ground for relief [before the BIA] if he or she is to preserve the right of judicial review of that claim,’ ” and have held that this exhaustion requirement “is a jurisdictional rule.” Hoxha v. Holder, 559 F.3d 157, 159 & n. 3 (3d Cir.2009) (quoting Abdulrahman v. Ashcroft, 330 F.3d 587, 595 (3d Cir.2003)) (emphasis added).
The rule is not an onerous one. We have explained that “so long as an immigration petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies.” Lin v. Att’y Gen., 543 F.3d 114, 121 (3d Cir.2008) (quoting Joseph v. Att’y Gen., 465 F.3d 123, 126 (3d Cir.2006)). In Bhiski v. Ashcroft, 373 F.3d 363, 367-68 (3d Cir.2004), for example, we concluded that *387 where an immigration petitioner failed to argue a straightforward issue in a brief submitted to the BIA, but had put the BIA on notice of the. issue by presenting it in his notice of appeal, the claim was sufficiently exhausted. We explained that “if the issue is not complex, no brief is required as long as the notice of appeal does precisely what it is intended to do — place the BIA on notice of what is at issue.” Id. at 368; see also Yan Lan Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir.2005).
At the same time, although the exhaustion requirement is not to be applied “in a draconian fashion,” Lin, 543 F.3d at 121, an immigration petitioner is at minimum required to “alert the Board to the issue he seeks to raise” before this Court. Abdulrahman, 330 F.3d at 595. Where petitioners have failed to provide the Board with the requisite notice, we have not hesitated to dismiss the unexhausted claims. See id.; cf. Lin, 543 F.3d at 122 (concluding that the petitioner failed to exhaust a claim by putting BIA on notice, but exercising jurisdiction because the Board considered the issue sua sponte). The question is whether the petitioner has “set forth sufficient facts and law to inform the BIA of the basis for the appeal” so as to give the Board the “opportunity to resolve issues raised before it prior to any judicial intervention.” Hoxha, 559 F.3d at 163 (citation omitted).
Having reviewed Woghiren’s notice of appeal and the brief he submitted to the BIA, we conclude that Woghiren failed to give the BIA notice of his claim that the IJ failed to inform him of his potential eligibility for suspension of deportation, and that he therefore failed to exhaust the claim he seeks to argue before us. It is true, as Woghiren argues, that both his appeal to the BIA and his argument reference the same federal regulation — 8 C.F.R. § 1240.11(a)(2), which requires immigration judges to inform persons in immigration proceedings of them potential eligibility for relief.
We agree with the Government, however, that Woghiren’s argument in this appeal, as to how the IJ ran afoul of 8 C.F.R. § 1240.11(a)(2), is sufficiently different from the § 1240.11(a)(2) issue raised before the BIA that Woghiren cannot be said to have “alert[ed] the Board to the issue he [now] seeks to raise.” Abdulrahman, 330 F.3d at 595. In his appeal before the BIA, Woghiren contended that the IJ erred by failing to inform him of his possible eligibility for cancellation of removal, see 8 U.S.C. § 1229b(b), an argument the BIA rejected on the grounds that Woghi-ren was not eligible for cancellation. Now, for the first time, Woghiren contends that the IJ should have informed him of his potential eligibility for a different form of relief, suspension of deportation. See 8 U.S.C. § 1254 (1996). As we have recognized, cancellation of removal and suspension of deportation are distinct avenues of relief, applicable in different settings and with different requirements. See, e.g., Hernandez v. Gonzales, 437 F.3d 341, 345 (3d Cir.2006). Neither the words “suspension of deportation” nor the applicable statutory provision appear in any of the materials Woghiren submitted to the BIA. We agree with the Government that “[without petitioner actually presenting his argument to the Board regarding this entirely different form of relief, the Board can hardly be faulted for not addressing the possible error petitioner now asserts was committed below.” (Gov’t Br. 17.) While the administrative exhaustion requirement is not onerous, we certainly cannot find it satisfied where a petitioner’s submissions to the BIA are entirely silent as to the precise issue raised before us. See Abdulrahman, 330 F.3d at 595. Because Woghiren did not exhaust the claim he seeks to raise herein, we lack jurisdiction to further entertain his petition for review. See Hoxha, 559 F.3d at 159 n. 3.
*388 III.
For the foregoing reasons, we will dismiss the petition for review.