**BLD-224**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2787
_____

MARIN ALIAJ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-927-370)
Immigration Judge: Frederic G. Leeds

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 17, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed   July 23, 2010 )
_____

OPINION
_____

PER CURIAM

Petitioner Marin Aliaj, a citizen of Albania, seeks review of a final order of

removal.  Aliaj fears persecution in Albania based on his past political activities.  The

Board of Immigration Appeals (BIA) found no clear error in the Immigration Judge's adverse credibility finding, and it denied all relief. The Government has moved for summary affirmance of the BIA's decision. For the reasons that follow, we grant the motion and will deny Aliaj's petition for review.

I.

Aliaj entered the United States in November 2006, when he was eighteen years old. At a hearing before the Immigration Judge, Aliaj testified that he was born in an Albanian concentration camp.[1] Aliaj testified that several members of his family - including his grandfather, father, uncle, and sister - were persecuted for their anti-Communist/Socialist beliefs. Specifically, Aliaj received anonymous death threats after campaigning for the Democratic Party in a local election. In addition, Aliaj's sister was arrested on three separate occasions "because she was working for the Christian Democratic Party." While in detention following her third arrest, Aliaj's sister was raped by police officers. Aliaj testified that he fears removal because the Socialists "know that I . . . worked for the Democratic Party . . . [s]o if I am to return, they will target me again."

The Immigration Judge found Aliaj's testimony to lack credibility and denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA dismissed Aliaj's appeal. In upholding the adverse

---

[1] According to the State Department's 2006 Asylum Profile for Albania, "during the Communist reign from 1945 to 1990 . . . most Albanians suffered under a regime characterized by police brutality and concentration and labor camps." (A.R. 188.)

credibility finding, the BIA relied on four distinct inconsistencies and/or omissions identified by the Immigration Judge: (1) "while the respondent testified that his sister had been raped in November or December 2006 because of her political involvement, he did not describe this matter in his asylum application at all"; (2) "compared with the respondent's credible fear interview and asylum application, the respondent testified differently about when he received threats"; (3) "[the respondent] did not mention going into hiding in his personal statement"; and (4) "[there was] a discrepancy as to whether the threats were directed to the respondent's father, or whether they were directed to him." Furthermore, the BIA found no clear error in the Immigration Judge's adverse corroboration finding, and it determined that Aliaj had not met his burden in demonstrating eligibility for protection under the CAT.

Aliaj petitioned for our review. The Government moved for summary affirmance of the BIA's decision.[2] Aliaj has not filed an opposition to that motion.

II.

We have jurisdiction under 8 U.S.C. § 1252. Summary action is appropriate when "no substantial question" is presented by an appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6; see also Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

III.

We will grant the Government's motion for summary affirmance because this

---

[2] While the Government aks for "summary affirmance," we understand it to be asking for summary denial of the petition for review.

appeal presents no "substantial question." The heart of the BIA's decision is its conclusion that the Immigration Judge's adverse credibility finding is not clearly erroneous. Nevertheless, Aliaj uses only seven sentences of his brief's argument section to address the credibility issue. And none of those sentences mounts a challenge to three of the four inconsistencies/omissions identified by the Immigration Judge and relied upon by the BIA in dismissing the appeal.[3] Aliaj does not direct our attention to portions of the administrative record in order to explain or contest the apparent inconsistencies/omissions. He cites no relevant statutes or case law to support the few, generalized points that he does make.

Our role is not to make arguments for the parties, especially those represented by counsel. We deem Aliaj's spare briefing to have effectively waived any challenge to the BIA's ruling concerning the Immigration Judge's credibility finding. See Hoxha v. Holder, 559 F.3d 157, 162 (3d Cir. 2009); Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004). As a result, and because Aliaj does not contest the BIA's denial of CAT protection, this appeal presents "no substantial question."

---

[3] Aliaj does argue, without explanation, that he "remained consistent in the chronology of events." By itself, this contention is grossly insufficient to demonstrate that the credibility determination is not supported by substantial evidence. In addition, we note that Aliaj uses the majority of his brief to argue for the propriety of "surprise witnesses" in removal proceedings. This argument is impertinent. Aliaj was not prevented from having his sister, or any other witness, testify before the Immigration Judge. Rather, Aliaj's trial counsel and the Government agreed, for reasons unknown, that Aliaj's sister would not testify. In any event, it appears that this line of argument was not properly exhausted before the BIA. See Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009).

Accordingly, the Government's motion is granted, and we will deny the petition for review.