PS3-009                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1765
_____

LALL B. RAMNAUTH,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A037-139-420)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 5, 2012

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: November 6, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Lall B. Ramnauth, a native and citizen of Guyana, was admitted to the United

States in 1983 as a lawful permanent resident.  In 1995, Ramnauth was convicted of

arson in violation of N.J. Stat. Ann. § 2C:17-1(b).  In 2003, he was convicted for

aggravated assault in violation of N.J. Stat. Ann. § 2C:12-1(b)(1) and possession of a weapon other than a firearm for an unlawful purpose in violation of N.J. Stat. Ann. § 2C:39-4(d). The latter convictions stem from a 2002 incident in which Ramnauth apparently struck another man in the head with a wooden board. A.R. 345, 359-62. He was sentenced to seven years' imprisonment for the aggravated assault conviction and a concurrent term of four years' imprisonment for the weapons possession conviction. In 2010, he was served with a Notice to Appear charging him with removability as an alien convicted of an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), and for having committed two or more crimes involving moral turpitude pursuant to § 1227(a)(2)(A)(ii).

Ramnauth applied for asylum, withholding of removal, and protection under the Convention Against Torture. An Immigration Judge ("IJ") determined that he was removable as charged and found that he was statutorily ineligible for asylum because his conviction for possession of a weapon is an aggravated felony.[1] See 8 U.S.C. § 1101(a)(43)(F) (defining aggravated felony as an offense constituting a "crime of violence" under 18 U.S.C. § 16 for which the term of imprisonment was at least one year). The Board of Immigration Appeals ("BIA") agreed with the IJ's aggravated felony

---

[1] Ramnauth has raised no challenge to the denials of withholding of removal and protection under the Convention Against Torture; accordingly, he has waived judicial review of these issues. See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (holding that an issue is waived unless party raises it in opening brief). In any event, Ramnauth did not raise the issues on appeal to the BIA. Accordingly, irrespective of their waiver, they are unexhausted and beyond our jurisdiction. See Hoxha v. Holder, 559 F.3d 157, 159 n.3 (3d Cir. 2009).

analysis, rejected Ramnauth's arguments, and dismissed his appeal. Ramnauth petitions for review.

Because he is a criminal alien, this Court has jurisdiction to review Ramnauth's petition only to the extent he raises constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Henry v. Bureau of Immig. & Customs Enforcement, 493 F.3d 303, 306 (3d Cir. 2007). Whether Ramnauth's weapons possession conviction constitutes an aggravated felony—the only issue raised before this Court—is a question of law over which our review is plenary. See Henry, 493 F.3d at 306.

Ramnauth was charged with and convicted of violating N.J. Stat. Ann. § 2C:39-4(d), which reads in its entirety: "Any person who has in his possession any weapon, except a firearm, with a purpose to use it unlawfully against the person or property of another is guilty of a crime of the third degree." Ramnauth argues that his conviction under § 2C:39-4(d) does not constitute an aggravated felony because a violation of that provision is not a crime of violence as it does not necessarily involve a substantial risk that the violator will intentionally use physical force. This argument is without merit.

Under 18 U.S.C. § 16(b), "a crime of violence" is defined as an offense "that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." A conviction under § 2C:39-4(d) expressly requires not only that the defendant possess a weapon, but that he or she intend or have "a purpose" to use it unlawfully against the person or property of another. See e.g., State v. Villar, 696 A.2d 674, 677 (N.J. 1997)

3

(affirming a conviction under § 2C:39-4(d) where defendant possessed a beer stein and used it to strike the victim). Ramnauth's conviction was therefore predicated on his intent to use the weapon in his possession; accordingly, his crime involved a substantial risk of the use of physical force against the person or property of another and, under the settled law of this Circuit, constituted a "crime of violence." See Henry, 493 F.3d at 308–10 (explaining that "certainly if someone intends to use physical force there is a substantial risk that physical force may be used" and concluding that "possession of a weapon with intent to use the same unlawfully against another [under a New York Statute] is a crime of violence within the meaning of § 16(b)"); see also Aguilar v. Att'y Gen., 663 F.3d 692, 699 (3d Cir. 2011) (holding that offenses that "raise a substantial risk that the perpetrator will resort to intentional physical force in the course of committing the crime" qualify as crimes of violence under § 16(b)); cf. United States v. Hull, 456 F.3d 133, 140 (3d Cir. 2006) (holding that "mere possession of a pipe bomb holds no risk of the *intentional* use of force"). In short, because Ramnauth's offense was a crime of violence for which he was sentenced for more than one year's imprisonment, the BIA correctly determined that he is an aggravated felon.[2] See 8 U.S.C. § 1101(a)(43)(F).

Ramnauth alternatively claims that the BIA erred by applying the formal categorical approach to determine whether his conviction constituted a crime of violence.

_____

[2] Ramnauth argues that the BIA's reliance on cases involving the possession of different sorts of weapons was error. However, because a conviction for possession of *any* weapon with the intent to use it unlawfully against another involves a substantial risk of the intentional use of physical force, it is of no moment whether the weapon involved is a gun, a knife, or, as here, a wooden board.

4

Although N.J. Stat. Ann. § 2C:39-4 is comprised of several subsections, Ramnauth was specifically charged with and convicted of violating only subsection (d).  See A.R. at 359-62.  That provision is not divisible, and, as explained above, the only conduct it proscribes qualifies as a crime of violence.  Accordingly, the BIA did not err in applying the formal categorical approach.  See Aguilar, 663 F.3d at 695 n.6.

We have considered Ramnauth's remaining arguments and conclude that they are either waived or without merit.  For the foregoing reasons, we will deny the petition for review.