ALD-206                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3988
_____

PATRICK JULNEY,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-836-163)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 21, 2020
Before: MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 9, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

The Department of Homeland Security charged Patrick Julney, a citizen of Haiti, with being removable from the United States. On August 7, 2019, an immigration judge ("IJ") sustained the charges of removability, denied Julney's pro se application for relief from removal, and ordered his removal to Haiti. Julney then filed a pro se post-decision motion with the IJ. The IJ liberally construed that motion as seeking reconsideration and reopening, and she denied that relief on August 22, 2019. On August 26, 2019, the BIA received from Julney a pro se notice of appeal ("NOA"). And on December 13, 2019, the BIA entered a decision that (1) treated the appeal as challenging the IJ's August 22 decision, and (2) dismissed that appeal. Julney, still proceeding pro se, now petitions this Court to review the BIA's decision.[1]

We conclude that the BIA erred by not reviewing the IJ's August 7 decision. The mailing envelope containing Julney's NOA was postmarked before the IJ even entered her August 22 decision, the first page of the NOA clearly stated that Julney was challenging the August 7 decision, and subsequent pages of the NOA contained argument pertaining to the August 7 decision. In view of these circumstances, we will summarily (1) grant Julney's petition, (2) vacate the BIA's December 13, 2019 decision, and (3) remand to the BIA so that it may review the August 7 decision in the first instance. See Hoxha v. Holder, 559 F.3d 157, 163-64 (3d Cir. 2009); see also 3d Cir. I.O.P. 10.6

---

[1] We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1).

(providing that we may take summary action <u>sua</u> <u>sponte</u> granting a petition for review if the matter under review fails to present a substantial question).[2]  Our vacating the BIA's December 13, 2019 decision under I.O.P. 10.6 renders moot Julney's motions for a stay of removal and appointment of counsel.

---

[2] Nothing in this opinion is intended to prohibit the BIA from addressing, on remand, *both* of the IJ's decisions.