**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2428
_____

JOSE MANUEL CRUZ-GARCIA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A201-939-923)
Immigration Judge:  Pallavi S. Shirole
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 30, 2022
_____

Before:  CHAGARES, Chief Judge, SHWARTZ, Circuit Judge, and ROSENTHAL,
District Judge.[*]

(Filed: March 31, 2022)
_____

OPINION[**]
_____

_____

[*] Honorable Lee H. Rosenthal, Chief United States District Judge of the United
States District Court for the Southern District of Texas, sitting by designation.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Jose Manuel Cruz-Garcia petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order denying cancellation of removal. Because the BIA failed to address arguments Cruz-Garcia raised in his appeal, we will grant the petition and remand.

I

A

Cruz-Garcia is a native and citizen of Mexico who entered the United States without inspection in April 2006. Cruz-Garcia has a U.S. Citizen son with his domestic partner, Lesley Hernandez. Cruz-Garcia also has three U.S. Citizen daughters from a prior marriage.

In September 2020, the Department of Homeland Security issued Cruz-Garcia a Notice to Appear that charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) for presence in the United States without having been admitted or paroled. Cruz-Garcia conceded removability.

B

Cruz-Garcia filed an application for cancellation of removal. At his merits hearing, Cruz-Garcia stated, among other things, that if he were removed, Lesley and his son would remain in the United States, they would suffer financial hardship, and Lesley's mental health struggles could "surface in a way" that may harm their son. A96. Lesley did not testify but did submit a letter that described their son's medical issues, her work

2

obligations, and her positive views about Cruz-Garcia. Her letter did not mention her own traumatic past or psychological issues.

After the hearing, Cruz-Garcia filed a motion, requesting that the IJ admit a declaration from Lesley about the abuse she suffered and a report from Lesley's psychologist about Lesley's past trauma and the impact that Cruz-Garcia's removal would have on her and their son.

1

The IJ denied Cruz-Garcia's application for cancellation of removal. Although the IJ found Cruz-Garcia credible and a person of good moral character during the required ten-year period for physical presence, the IJ found that Cruz-Garcia failed to establish that his removal would result in "exceptional and extremely unusual hardship" beyond that which "ordinarily result[s] from . . . removal." A15-16. The IJ found that (1) Cruz-Garcia's daughters have no medical issues; (2) his son's eczema and allergies do not require "special medical attention"; and (3) he "provided no evidence" that Lesley would pose a danger to their son. A15. Finally, the IJ held that even if Cruz-Garcia established that his family would suffer exceptional and extremely unusual hardship, the balance of equities did not warrant a "favorable exercise of discretion" because Cruz-Garcia showed a lack of remorse for his prior domestic violence arrests and "only recently beg[an] to make efforts to comply with tax law." A16.

The IJ also denied Cruz-Garcia's motion to admit additional evidence as untimely because the motion was submitted after the conclusion of the merits hearing.[1]

2

Cruz-Garcia appealed to the BIA. In his Notice of Appeal, Cruz-Garcia asserted that the IJ's decision was "arbitrary, capricious, an abuse of discretion, against the weight of evidence, and a denial of due process[2] and fundamental fairness" because it "failed to consider all relevant factors in the aggregate in determining whether exceptional and extremely unusual hardship exists." A6. Specifically, Cruz-Garcia argued the IJ "failed to consider the totality of the circumstances" including his "age, financial health, education, career, [and] famil[y] circumstances." Id. Cruz-Garcia separately asserted, among other things, that the IJ (1) erred in stating that there was "no evidence that [Lesley] will become abusive to [their son] because she was abused"; (2) erred by not allowing Lesley to testify; (3) incorrectly denied his motion to admit additional evidence

---

[1] The IJ also stated that the additional documents, even if admitted, would not change the ruling.

[2] Cruz-Garcia argues to us that the IJ violated his due process rights. Cruz-Garcia's sole reference to "due process" in his BIA submissions, however, is insufficient to exhaust that claim because it does not identify the basis for his due process challenge. Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009) (identifying an issue in the "notice of appeal satisfies the statutory requirement of exhaustion provided that the description of that issue in the notice sufficiently apprises the BIA of the basis for the appeal."). As a result, the BIA properly declined to consider any due process claim, and we do not address it here.

as untimely; and (4) failed to give the additional evidence proper weight in evaluating hardship. A8.

In his BIA brief,[3] Cruz-Garcia argued that the IJ erred in concluding that his removal would not "result in exceptional and extremely unusual hardship to the qualifying relatives," because the IJ failed to consider (1) the impact of Lesley's psychological issues on their son, and (2) the effect the country conditions in Mexico could have on him and his children if he is deported. A36. Cruz-Garcia also argued that he merited a favorable exercise of discretion for cancellation of removal based on "family ties, length of residency[,] . . . conditions in [the] country of removal[,] . . . work experience[,] . . . evidence of good moral character[, and] hardship [on his] children." A40-41.

The BIA concluded that Cruz-Garcia did not "meaningfully challenge" the IJ's denial of cancellation of removal "as [a matter] of discretion" in his Notice of Appeal or BIA brief. A28. As a result, it held that there were no "grounds for disturbing the [IJ's]

---

[3] Cruz-Garcia's BIA brief differs from his Notice of Appeal in two respects. First, his BIA brief specifies some factors he claims the IJ should have considered in its hardship analysis that were not included in his Notice of Appeal, such as (1) how he is "extremely involved" in his daughters' lives and (2) that Lesley's work obligations make it difficult for her to give their son "the necessary attention." A37-38. Second, Cruz-Garcia argued in his Notice of Appeal that his motion to admit additional evidence was incorrectly denied as untimely, but timeliness is not mentioned in the BIA brief (or in his brief to us).

determination" that Cruz-Garcia was not entitled to cancellation of removal "as an act of discretion." A28.

Cruz-Garcia petitions for review.

## II[4]

Cruz-Garcia contends remand is warranted because the BIA failed to address: (1) his challenge to the IJ's discretionary denial of cancellation of removal and (2) his assertion that the IJ erred in: (a) not permitting Lesley to testify and (b) not considering evidence about her psychological condition and its effect on their son. We will therefore examine whether Cruz-Garcia raised, and thus exhausted, those arguments.

## A

"The purpose of administrative exhaustion 'is to ensure that the agency is given an opportunity to resolve issues raised before it prior to any judicial intervention.'" Zhi Fei Liao v. Att'y Gen., 910 F.3d 714, 718 (3d Cir. 2018) (quoting Hoxha v. Holder, 559 F.3d 157, 163 (3d Cir. 2009)). In evaluating whether an argument was exhausted before the agency, "our focus must be on the nature of the notice provided to the BIA by both the Notice of Appeal and any brief filed with the BIA." Hoxha, 559 F.3d at 160. Under our

---

[4] The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15, and we have jurisdiction pursuant to 8 U.S.C. § 1252.

Although we lack jurisdiction to review the denial of discretionary relief, including cancellation of removal, see Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(B)(i)), we may review "questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). We thus have jurisdiction to review the legal question of whether Cruz-Garcia exhausted his arguments to the BIA, and we review the exhaustion rulings de novo. See Zhi Fei Liao v. Att'y Gen., 910 F.3d 714, 718 (3d Cir. 2018) (describing exhaustion as a jurisdictional matter); Singh v. Ashcroft, 383 F.3d 144, 151 (3d Cir. 2004) (holding jurisdictional matters are reviewed de novo).

6

"liberal exhaustion policy," a noncitizen "need not do much to alert the [BIA] that he is raising an issue." Zhi Fei Liao, 910 F.3d at 718 (quoting Joseph v. Att'y Gen., 465 F.3d 123, 126 (3d Cir. 2006)). As a result, "so long as a . . . petitioner makes some effort, however insufficient, to place the [BIA] on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted [his] administrative remedies." Id. (quoting Bin Lin v. Att'y Gen., 543 F.3d 114, 121 (3d Cir. 2008)). If the BIA fails to address "one of [the petitioner's] stated grounds for relief, the case must be remanded for the BIA to consider the claim." Konan v. Att'y Gen., 432 F.3d 497, 502 (3d Cir. 2005). The remand requirement allows the agency to "bring its expertise to bear upon the matter" and "evaluate the evidence." INS v. Orlando Ventura, 537 U.S. 12, 17 (2002).

B

To determine whether Cruz-Garcia challenged the IJ's discretionary denial before the BIA, we briefly review the steps to obtain cancellation of removal under 8 U.S.C. § 1229b(b)(1). First, the noncitizen must show that he is eligible by meeting four requirements[5]; and second, if the noncitizen establishes eligibility, the IJ may exercise discretion to cancel removal. Pareja v. Att'y Gen., 615 F.3d 180, 185-86 (3d Cir. 2010).

---

[5] A noncitizen is eligible for cancellation of removal if he

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his] application; (B) has been a person of good moral character during such period; (C) has not been convicted of [certain] offense[s] . . . and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

The IJ found that even if Cruz-Garcia established eligibility, it would not favorably exercise discretion. The BIA mistakenly held that Cruz-Garcia did not "meaningfully challenge" the IJ's discretionary determination in his Notice of Appeal or BIA brief and thus declined to examine it. A28.

Cruz-Garcia raised his challenge to the IJ's exercise of discretion in his BIA brief. In his brief, Cruz-Garcia stated that his case warranted a "favorable exercise of discretion" three times, and argued that factors such as his family ties, work experience, and conditions in Mexico favored cancellation. A40-41. These arguments were sufficient to put the BIA on notice that he challenged the IJ's alternative determination that he was not "deserving of a favorable exercise of discretion." A16; see also Zhi Fei Liao, 910 F.3d at 719 (raising issue in BIA brief, even if omitted from Notice of Appeal is "sufficient to notify the BIA" of the dispute). Moreover, contrary to the Government's contention that Cruz-Garcia did not provide "specific argument" about the IJ's use of discretion, Respondent's Br. at 22, his BIA brief listed factors that he claimed the IJ overlooked. Thus, the BIA was on notice of his challenge and erred in holding that Cruz-Garcia waived this argument.

The BIA also did not address Cruz-Garcia's challenge to the IJ's alleged failure to permit Lesley to testify, but that may have been because the BIA erroneously concluded that Cruz-Garcia had not challenged the IJ's discretionary determination and therefore did not "reach . . . the arguments raised on appeal." AR3. Cruz-Garcia's Notice of Appeal notified the BIA of his challenge to the IJ's failure to permit Lesley to testify via his assertion that, by disallowing Lesley's testimony, the IJ "precluded relevant and

8

material evidence of the impact of her traumatic experiences" on their son.  A8.  Because we hold that the BIA mistakenly held that Cruz-Garcia did not "meaningfully challenge" the IJ's discretionary determination, we do not reach Cruz-Garcia's argument that the BIA erred in not considering whether the IJ wrongly precluded Lesley from testifying.[6] On remand, the BIA may consider this challenge to the IJ's exclusion of evidence, if necessary.

Because the BIA failed to address an exhausted argument that ultimately challenges the IJ's determination that he was not entitled to cancellation of removal, remand is warranted.[7]  Konan, 432 F.3d at 502.

### III

For the foregoing reasons, we will grant the petition and remand.

---

[6] Cruz-Garcia also argued to the BIA that (1) the IJ erred in finding that his motion to admit additional evidence was untimely and (2) the IJ's alternative finding that the additional evidence "would not alter the result," A11, failed to give proper weight to that evidence.  Cruz-Garcia, however, did not challenge the timeliness ruling before us, so the IJ's ruling that his motion was late remains undisturbed, and we need not reach whether the IJ gave proper weight to the evidence included in that motion.

[7] In so holding, we offer no opinion about the merit of Cruz-Garcia's arguments.

9