**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2931

_____

MAYNOR ESTUARDO XITAMUL-AGUIN,
Petitioner
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(BIA No. 1: A213-137-507)
Immigration Judge: Shana W. Chen

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 13, 2025

Before: CHAGARES, Chief Judge, PORTER, and AMBRO, Circuit Judges

(Opinion Filed: July 21, 2025 )

_____

OPINION[*]

_____

AMBRO, Circuit Judge

    Maynor Estuardo Xitamul-Aguin petitions for review from a final order of

removal from the Board of Immigration Appeals (BIA).  He failed to file a timely brief

_____

[*]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

before the BIA. Before our Court, he argues that his notice of appeal to the BIA sufficed to raise his claims and allow it to render a decision on the merits. We disagree and therefore dismiss the petition for failure to exhaust administrative remedies.

**I**

Xitamul-Aguin is a citizen of Guatemala. When he was 12 years old, his brother was killed. In December 2016, about four years later, gang members tried to recruit him, threatened to kill him if he did not join, and severely beat him. The beating resulted in a fractured jaw that took two months to heal. The same gang members approached Xitamul-Aguin soon after the beating and again threatened to kill him if he did not join. He reported the incidents to the police, but they could not help him because he had no names or pictures and could not identify the gang members. Xitamul-Aguin then went to live with his sister in a different part of Guatemala about two hours away. He did not have any further gang encounters from December 2016 to September 2017 while staying with her.

Believing he could not live safely anywhere in Guatemala, Xitamul-Aguin entered the United States in September 2017 as a minor. After being charged with inadmissibility under 8 U.S.C. § 1182(a)(7)(A), he applied in January 2023 for asylum and withholding of removal under the Immigration and Nationality Act (INA) and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied his application the same month, and the BIA dismissed his appeal in September 2024.

The IJ found Xitamul-Aguin credible. On the INA claims, the IJ ruled that his past harm did not qualify as persecution; he had no well-founded fear of future

2

persecution; his particular social group (PSG), defined as those living in a fatherless, female-headed household,[1] was not cognizable; and he had not shown an inability to relocate within Guatemala because he could safely live with his sister. The IJ also found no nexus between the PSG and the harm Xitamul-Aguin experienced because the gang did not appear to know his identity or family situation. As for the CAT claim, the IJ ruled that Xitamul-Aguin did not show a clear probability of torture, nor did he show acquiescence by the Guatemalan government.

Xitamul-Aguin was represented by counsel before the BIA. His notice of appeal indicated he would file a separate brief, and the BIA set a deadline of December 8, 2023. His counsel filed a motion for acceptance of a late brief on January 2, 2024, but the BIA denied it. The BIA thus only considered the arguments raised in the notice of appeal. It ruled that Xitamul-Aguin failed meaningfully to challenge the IJ's determinations regarding nexus, fear of future persecution, relocation, the cognizability of his PSG, and his CAT claim.

## II

The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3), 1240.15. Xitamul-Aguin timely petitioned us for review. *See* 8 U.S.C. § 1252(b)(1). We have jurisdiction to review final orders of removal under § 1252(a)(1), (a)(5), and venue is proper in this Circuit under § 1252(b)(2) because the removal proceeding took place in New Jersey.

---

[1]  Xitamul-Aguin alleges this left him vulnerable to gangs because he lacked paternal protection. He testified that the gang members mentioned his lack of protection from his father when attacking him. The IJ ruled that the PSG was not cognizable because it lacked particularity and social distinction.

Failure to exhaust administrative remedies under the INA is not jurisdictional. *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023). But we must enforce the exhaustion requirement when properly raised by the Government. *Aguilar v. Att'y Gen.*, 107 F.4th 164, 169 (3d Cir. 2024).

We review the BIA's legal conclusions de novo, *Borges v. Gonzalez*, 402 F.3d 398, 404 (3d Cir. 2005), but overturn its factual findings only if "any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

This case turns on the adequacy of the notice of appeal to the BIA. A noncitizen must "exhaust[] all administrative remedies available . . . as of right." 8 U.S.C. § 1252(d)(1). We look to the following regulation to assess whether Xitamul-Aguin adequately raised issues for the BIA's review in his notice of appeal:

> The party taking the appeal must identify the reasons for the appeal in the [n]otice of [a]ppeal . . . or in any attachments thereto, in order to avoid summary dismissal . . . . The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified.

8 C.F.R. § 1003.3(b). We interpret the notice of appeal liberally. *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005). But "only notice that is legally sufficient will afford the BIA an opportunity to resolve the controversy in the first instance." *Hoxha v. Holder*, 559 F.3d 157, 161 (3d Cir. 2009).

## III

Xitamul-Aguin claims to have raised the following in the notice of appeal:

4

(1) the IJ. . . legally err[ed] by making receipt of medical treatment a necessary requirement for determining past persecution;

(2) the IJ did not meaningfully assess the nexus between the harm and the persecutor's view of applicant's actions or lack of action;

(3) the IJ did not correctly assess kinship ties, family composition and particularity of his proposed [PSG]; [and]

(4) . . . the IJ erred in denying withholding of removal and relief under the CAT.

Opening Br. 7 (citing AR 34–38). We take each of these in turn.

## A

Xitamul-Aguin's notice of appeal indeed argued that "failure to seek medical treatment is not the deciding factor in determining persecution" and cited supporting authorities. AR 35. But the BIA did not deem that argument waived.[2] Instead, it focused on nexus. It is the INA's requirement of a connection between an asylum seeker's persecution and a statutorily protected ground, such as race, religion, nationality, membership in a PSG, or political opinion. 8 U.S.C. § 1158(b)(1)(B)(i). Put simply, persecution alone is not enough for asylum; a petitioner must show nexus as well. So even if Xitamul-Aguin exhausted his administrative remedies for the argument that he suffered persecution, that is not enough to avoid forfeiting his asylum claim. He must also have exhausted his nexus arguments. We turn to those in the next section.

---

[2] The BIA uses the term "waiver," but according to our Court's definition, "forfeiture" would be more apt. *United States v. Thomas*, 357 F.3d 357, 362 (3d Cir. 2004) ("Waiver involves 'the intentional and voluntary relinquishment of a known right . . . .' '[F]orfeiture results in the loss of a right regardless of . . . knowledge thereof and irrespective of whether the [party] intended to relinquish the right.'" (quoting *United States v. Goldberg*, 67 F.3d 1092, 1099–1100 (3d Cir. 1995))).

**B**

The notice of appeal mentions the nexus issue. But the BIA ruled that Xitamul-Aguin waived it because he did "not ma[k]e any specific challenges to [the IJ's] factual findings." AR 4. On appeal, he presses a factual challenge, arguing that there was nexus because "gang members specifically singled him out by saying he did not have a father to protect him." Opening Br. 20. If Xitamul-Aguin wished to challenge the IJ's factual finding that the gangs did not know his identity or family situation, he should have raised that finding in the notice, as required by 8 C.F.R. § 1003.3(b). But he did not, so he failed to exhaust his administrative remedies for the nexus issue and thus for his asylum claim.

**C**

Xitamul-Aguin claims that his notice of appeal challenged the IJ's ruling that his PSG was not cognizable. But it merely stated that he "suffered past persecution on account of a protected ground, particularly based on kinship ties and his family composition." AR 35. It did not mention the IJ's cognizability finding or explain why that finding was wrong, nor did it cite any cases discussing female-headed households as PSGs. That too is insufficient under 8 C.F.R. § 1003.3(b).

**D**

The notice of appeal did not raise the CAT claim beyond the boilerplate concluding sentence: "The IJ erred in denying [Xitamul-Aguin's] claim for asylum, withholding of removal, and protection against removal under the Protection Against Torture [*sic*]." AR 35. Xitamul-Aguin did not offer a reason for appealing the issue nor

6

did he cite supporting authority or point to factual errors related to the CAT claim. He thus failed to meet the standard for exhausting these issues.

\* \* \*

We dismiss Xitamul-Aguin's petition because he did not exhaust his administrative remedies as required by 8 U.S.C. § 1252(d)(1).