**IMG-292**                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4866
_____

ELI SUSANA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A79-307-973)
Immigration Judge: R. K. Malloy

_____

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2010

Before:  MCKEE, Chief Judge, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: September 17, 2010)
_____

OPINION
_____

PER CURIAM

Petitioner Eli Susana, a citizen of Indonesia and a Christian of Chinese ethnicity,

seeks review of a final order of removal.  We will deny her petition for review.

I.

Susana entered the United States as a nonimmigrant visitor in December 2000, and overstayed the time permitted by her B-2 visa. Fearing a return to Indonesia, Susana filed an asylum application in April 2001. Therein, she claimed that she suffered past persecution, and that she would be persecuted if removed, based on her Chinese ethnicity. In the accompanying affidavit, Susana described violent acts committed by native Indonesians against herself, her family, and ethnic Chinese generally. She also discussed the May 1998 riots[1], though she did not indicate that she was personally attacked during that time. In June 2004, Susana filed an amended asylum application claiming that, in addition to her ethnicity, she had suffered past persecution on account of her Christian beliefs. The amended asylum application was accompanied by a new affidavit.

At a hearing before an immigration judge ("IJ"), Susana testified on cross-examination[2] regarding two specific incidents of alleged persecution in December 1999. As to the first, Susana testified that she was assaulted by native Indonesians, who took her VCD player, purse, Bible, and jewelry. In addition, she was pushed to the ground, stabbed in the leg with a knife, and slapped. As to the second incident, Susana testified

---

[1] As we have noted previously, "[i]n May 1998, there were serious and widespread attacks on Chinese-owned businesses and homes by Muslim Indonesians, which led to the deaths of over one thousand people." Lie v. Ashcroft, 396 F.3d 530, 533 (3d Cir. 2005) (quotations omitted).

[2] Her attorney waived direct examination. (AR 144.)

2

that while she was out with her sister on Christmas Eve, native Indonesians "vandalized my car and left a note that said that ethnic Chinese and Christians must get out from the country." (AR 145.) Susana testified that she neglected to mention the latter incident, or any information about religious persecution, in her original asylum application because a woman name "Liana" gave her poor advice.[3]

The IJ found Susana's testimony that she was a Christian in Indonesia to be incredible. And upon finding that her asylum application contained "statements which are deliberately fabricated" (AR 107), the IJ determined that Susanna had filed a frivolous application. The IJ stated that "[e]ven if one were to believe that the respondent was a Christian and . . . that the incidents described . . . actually occurred, the Court would find that those incident[s] do not rise to the level of persecution." (AR 108.) The IJ found that, at most, Susana "perhaps did experience some discrimination on account of her ethnicity, Chinese, in Indonesia." (AR 109.) Furthermore, the IJ interpreted our decision in Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005), to mean that "there is no pattern or practice of persecution of ethnic Chinese Indonesians in Indonesia." (AR 108.)

The Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision and dismissed Susana's appeal. Susanna filed a petition for review, and we granted the

---

[3] Liana is apparently a non-attorney asylum application preparer. We have noted that an IJ in another case "took administrative notice that an individual name Liana was under investigation by Philadelphia immigration authorities for filing large numbers of applications and failing to follow through on many of them . . .." Nio v. Att'y Gen., 257 F. App'x 484, 486 (3d Cir. 2007) (nonprecedential opinion).

Government's unopposed motion to remand proceedings to the BIA for the reasons given therein: because "[t]he Immigration Judge and the Board did not clearly indicate whether their pattern or practice determinations were based on the evidence on record in this case or merely on this Court's decision in Lie"; so that the BIA could "clarify its position on Susana's individualized risk [of persecution] and its scope of review; and because "the Board did not explicitly address the Immigration Judge's determination that Susana filed a frivolous asylum application." (AR 28-29.) On remand, the BIA sustained Susana's appeal of the IJ's frivolousness determination, but otherwise reaffirmed its prior decision with little elaboration.[4] This petition for review followed.[5]

## II.

Susana essentially claims that the IJ and BIA erred in determining that she failed to demonstrate a pattern/practice of persecution of ethnic Chinese Christians in Indonesia.[6]

---

[4] The BIA was silent, though, as to its earlier determination that the IJ's adverse credibility finding was not clearly erroneous. Ultimately, this apparent oversight has no bearing on the outcome of this case.

[5] A final order of removal was entered contemporaneous with the BIA's decision on December 2, 2008. See Yusupov v. Att'y Gen., 518 F.3d 185, 195-96 (3d Cir. 2008). We have jurisdiction to review the order under 8 U.S.C. § 1252(a)(1).

[6] We deem waived any challenge to the denial of Susana's claims for withholding of removal and relief under the Convention Against Torture, as well as any challenge to the BIA's determination regarding past persecution. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004); Pennsylvania Dep't of Pub. Welfare v. U.S. Dep't of Health and Human Servs., 101 F.3d 939, 945 (3d Cir. 1996) (arguments mentioned in passing, but not squarely argued, will be deemed waived). And we agree with the Government that Susana's "individualized risk of harm on account of membership in a particular social

4

However, Susana fails to reference evidence in the record to support her contention and, despite arguing that the IJ "overlook[ed] critical evidence" in her case (Pet. Br. at 9), fails to specify what evidence was presented but ignored. Instead, Susana merely states that "[t]he Court in Lolong v. Gonzales, [400 F.3d 1215 (9th Cir. 2005),] recognized that Chinese Christian women in Indonesia were a disfavored group in Indonesia [sic]," and that "[i]n the case of Sael v. Ashcroft, [386 F.3d 922 (9th Cir. 2004),] the court found that a showing by the applicant that he had been subjected to various incidents of discrimination, harassments and threats was sufficient to prove a well-founded fear of future persecution." (Pet. Br. at 11.) That is all.

We first note that, well before briefing in this case commenced, the Lolong decision Susana cites was vacated, reheard by the en banc Ninth Circuit, and not adopted in the subsequent decision. See Lolong v. Gonzales, 484 F.3d 1173 (9th Cir. 2007) (en banc). Second, with respect to Sael, we have stated that we disagree with its use of "a lower standard for individualized fear absent a 'pattern or practice' of persecution and, similarly, we reject the establishment of a 'disfavored group' category." Lie, 396 F.3d at 538, n.4. With those observations in mind, we conclude that Susana has failed to demonstrate any errors below by the IJ or BIA in their pattern/practice determinations.

---

group" argument has not been properly exhausted. See Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009) (alien must "raise or exhaust his or her remedies as to each claim or ground for relief [before the BIA] if he or she is to preserve the right of judicial review of that claim.") (citation omitted).

5

Accordingly, we will deny the petition for review.[7]

---

[7] In her brief's conclusion section, Susana "reiterates her previous motion to stay removal pending the final resolution of the instant petition for review." (Pet. Br. at 12.) We denied Susana's stay motion on October 25, 2007, <u>see</u> CA No. 07-3102, primarily because she failed to demonstrate a likelihood of success on the merits of her petition for review. Since we will deny Susana's current petition, to the extent she is attempting to renew her stay motion the request is denied.