**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2139
_____

OLUBUNMI OLUFEMI ODUNLAMI,
a/k/a Olubunmi Odunlami,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A77-636-637)
Immigration Judge:  Honorable Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2010
Before:  BARRY, JORDAN and GARTH, Circuit Judges

(Opinion filed: November 9, 2010)

_____

OPINION
_____

PER CURIAM

    Petitioner Olubunmi Odunlami, proceeding pro se, seeks review of a final order of

removal.  For the reasons that follow, we will deny his petition for review.

1

## I.

Odunlami, a native and citizen of Nigeria, entered the United States in 1992 on a visitor visa and adjusted to lawful permanent resident status in October 2001. In April 2006, Odunlami was convicted in New Jersey state court of computer theft, and was sentenced to five years of incarceration. He was then charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) (convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(G)) and § 1227(a)(2)(A)(i) (convicted of a crime involving moral turpitude). Odunlami appeared before the Immigration Judge ("IJ") in August 2009, conceded removal, and filed an application for protection under the Convention Against Torture ("CAT").

Odunlami testified that when he was a child in Nigeria, his family converted from Islam to Christianity. He stated that his father was targeted as a traitor to Islam, and that, as a result, police officers murdered him. He believes that the Nigerian authorities will imprison him indefinitely due to his criminal record and his conversion from Islam to Christianity. He claimed that indefinite detention in Nigeria's prisons, given their deplorable conditions, amounts to torture.

The IJ did not make an express credibility determination and denied CAT relief, finding that Odunlami had not demonstrated past or future torture. Due to his conviction, the IJ held that Odunlami is ineligible for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)(B)(ii). The BIA agreed and dismissed Odunlami's appeal. Odunlami filed a

timely petition for review and a motion to stay his removal. We denied the stay motion.

## II.

Because Odunlami has been convicted of an aggravated felony, a determination he does not challenge, our review of the denial of relief under the CAT is limited to constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C) & (D); Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc). We review the BIA's legal conclusions de novo. Kaplun v. Att'y Gen., 602 F.3d 260, 265 (3d Cir. 2010); Pierre, 528 F.3d at 184. Where, as here, the BIA agrees with the decision and analysis of the IJ while adding its own reasoning, we review both decisions. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009).

## III.

The government argues that we lack jurisdiction to review the factual findings upon which the BIA and the IJ based their decisions. To the extent that Odunlami raises claims that challenge those factual findings, we do lack jurisdiction, and, as a result, those claims are dismissed. See Tran v. Gonzales, 414 F.3d 464, 467 n.2 (3d Cir. 2005). However, Odunlami also raises claims that can be construed as questions of law, as discussed below, over which we retain jurisdiction.

To qualify for deferral of removal under the CAT, an applicant must satisfy the same requirements for withholding of removal under the CAT. See 8 C.F.R. § 1208.17(a). That is, the applicant must demonstrate that it is more likely than not that he will be tortured if removed to the country in question. See Kamara v. Att'y Gen., 420

3

F.3d 202, 212-13 (3d Cir. 2005); 8 C.F.R. § 1208.16(c)(2). A torturous act is one in which "severe pain or suffering, whether physical or mental, is intentionally inflicted on a person." 8 C.F.R. § 1208.18(a)(1). For purposes of CAT claims, an applicant must make a showing of "specific intent," that is, that the "prospective torturer will have the motive or purpose to cause him pain or suffering." Pierre, 528 F.3d at 189.

The IJ and BIA properly concluded that Odunlami did not satisfy his burden of demonstrating that he qualified for protection under the CAT, in that he failed to show that it is more likely than not that he will be tortured if removed to Nigeria. See 8 C.F.R. § 1208.16(c)(2). As the BIA found, imprisonment in deplorable conditions, without evidence that the conditions are intentionally imposed to inflict pain or suffering, does not support a CAT claim. See Pierre, 528 F.3d at 189-90. The 2008 State Department Country Report for Nigeria does state that prison conditions are "harsh and life threatening," and notes that overcrowding, unhygienic facilities, and lack of access to medical care have resulted in dangerous conditions. However, the report does not indicate any evidence of "specific intent" on the part of officials to torture inmates.

Here, the BIA concluded that Odunlami's assertions that Christian converts in Nigeria are imprisoned were unsupported. In addition, the BIA found Odunlami's two letters, purportedly sent by Nigerian police, warning him not to return, to be of questionable authenticity. Odunlami asserts that his counsel before the IJ was ineffective for failing to present "very effective evidence." However, as the government points out, he did not raise this claim before the BIA, and, as such, it has not been unexhausted. See

4

8 U.S.C. § 1252(d)(1); Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009).

The IJ found, and the BIA agreed, that Odunlami failed to corroborate his statements that his family members were targeted by the police because of their conversion to Christianity, and that his father was killed by Nigerian authorities because of his conversion. We have found that even an otherwise credible applicant "must provide reliable evidence to corroborate testimony when it is reasonable to expect corroborating evidence and there is no satisfactory explanation for its absence." Sandie, 562 F.3d at 252. Accordingly, denial of relief may be predicated on a failure to corroborate when: "(1) the IJ identifies facts for which it is reasonable to expect the applicant to produce corroboration, (2) the applicant fails to corroborate, and (3) the applicant fails to adequately explain the failure." Chukwu v. Att'y Gen., 484 F.3d 185, 191-92 (3d Cir. 2007) (citations omitted).

Here, IJ engaged in the inquiry required by Chukwu, noting that Odunlami failed to produce any evidence of his family's conversion to Christianity, of the assaults and hospitalization he claims to have suffered as a result of his conversion, or that his father's death was a reprisal for the family's conversion. The BIA agreed with the IJ's findings and also noted that Odunlami has two older siblings who were raised with him in Nigeria and allegedly converted to Christianity, but neither provided statements supporting Odunlami's claims. Likewise, the documents presented to the IJ about his father's death show only that it was the result of an armed robbery, with no indication that it was religiously motivated. To the extent Odunlami attempts to explain his failure to

5

corroborate his testimony by asserting that his counsel was ineffective, that claim has not been exhausted, as noted above.

## IV.

For the foregoing reasons, we will deny the petition for review.