NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2264
_____

LYDIA SUSANTI,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-703-948)
Immigration Judge:  Honorable Philip Verrillo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 28, 2012

Before:  SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Filed: April 10, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Lydia Susanti petitions for review of a decision of the Board of Immigration

Appeals ("BIA") affirming the denial of her application for withholding of removal.  For

the reasons that follow, we will deny the petition for review.

I.

Susanti, a native of Indonesia, was admitted to the United States in March 2005 as a nonimmigrant visitor for pleasure, and was authorized to remain until September 2005. In 2007 the Department of Homeland Security initiated removal proceedings against her, charging her as removable under 8 U.S.C § 1227(a)(1)(B) because she remained in the country beyond September 2005. Susanti conceded removability and filed an application for withholding of removal, claiming that she would face persecution upon return to Indonesia because she is a Chinese Christian. At a hearing before an Immigration Judge ("IJ"), she and her sister testified regarding the harassment they suffered at the hands of the Muslim majority.[1] Susanti also proffered the affidavit of Dr. Jeffrey Winters, a professor with decades of research experience in Southeast Asia and Indonesia, regarding conditions in that country.

The IJ determined that the harassment Susanti experienced did not constitute persecution and that she did not meet her burden to demonstrate a clear probability that she would face persecution upon return to Indonesia. The IJ therefore denied her application for withholding of removal, and she appealed to the BIA. There she raised two claims: that the IJ overlooked record evidence and that the BIA should adopt the disfavored group analysis set forth by the Ninth Circuit in Sael v. Ashcroft, 386 F.3d 922

_____

[1] Although Susanti's case was presented before the IJ alongside that of her sister, Anna Maria, they filed separate appeals before the Board of Immigration Appeals and Anna Maria has not joined in Susanti's petition for review.

2

(9th Cir. 2004). The BIA found no factual or legal errors in the IJ's decision and dismissed her appeal. Susanti timely petitioned this Court for review.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). Prior to raising an issue for judicial review, a petitioner must exhaust all administrative remedies available as of right regarding that issue. 8 U.S.C. § 1252(d)(1); Sandie v. Att'y Gen., 562 F.3d 246, 250 n.1 (3d Cir. 2009). This is a jurisdictional requirement. See Hoxha v. Holder, 559 F.3d 157, 159 n.3 (3d Cir. 2009).

"[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review an agency's factual determinations for substantial evidence, and we will uphold such determinations "unless the evidence not only supports a contrary conclusion, but compels it." Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005) (internal citations omitted).

## III.

Susanti argues that the IJ and BIA failed to consider the aggregate effect of the harm she suffered in the past and failed when weighing the Dr. Winter's affidavit to properly consider the level of his expertise. These arguments were never raised before the IJ or BIA, and the agency therefore had no "opportunity to resolve [the issues] or correct its own errors before judicial intervention." Bonhometre v. Gonzales, 414 F.3d

3

442, 447 (3d Cir. 2005) (quoting Zara v. Ashcroft, 383 F.3d 927, 931 (9th Cir. 2004)). Accordingly, we hold that those arguments are unexhausted, and we lack jurisdiction to address them. Hoxha, 559 F.3d at 159 n.3. Susanti also raises two additional, broader claims: that the decision was unsupported by substantial evidence and that she demonstrated a clear probability of persecution upon her return to Indonesia. These issues were considered by the BIA and are therefore exhausted and within the ambit of this Court's review. See Lie v. Ashcroft, 396 F.3d 530, 534 n.3 (3d Cir. 2005). For her to prevail on either of these claims, contrary evidence must be so compelling that, if considered, no reasonable factfinder could fail to find Susanti eligible for withholding of removal. See id.; Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 233–35 (3d Cir. 2008).

We turn first to the BIA's determination that Susanti's past mistreatment does not rise to the level of persecution. Susanti herself characterized her past treatment in Indonesia as "harassment" and conceded that she had never been harmed while living in Indonesia. In fact, she testified that the "many minor incidents" she endured in Indonesia left her "tired of living there." AR 779-80. Both the IJ and BIA considered the mistreatment she described and plausibly concluded that it did not rise to the level of persecution. See, e.g., Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007) (observing that "[a]busive treatment and harassment, while always deplorable, may not rise to the level of persecution"); Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993) (explaining that persecution "is an extreme concept that does not include every sort of

4

treatment our society regards as offensive"). Nothing in the record compels a contrary conclusion.

We also agree with the BIA that Susanti failed to demonstrate the existence of a pattern or practice of persecution against Chinese Christians in Indonesia giving rise to a well-founded fear of future persecution upon her return. After weighing all of the evidence of country conditions—including the affidavit of Dr. Winters—the IJ and BIA credited a State Department report indicating a general reduction in ethnic and religious violence. See Zubeda v. Ashcroft, 333 F.3d 463, 477–78 (3d Cir. 2003) (noting that such reports are "the most appropriate and perhaps the best resource" for "information on political situations in foreign nations.") (internal quotation and citation omitted). In light of that evidence, the BIA concluded that there is no widespread pattern or practice of persecution of Chinese Christians and that the Indonesian government has not condoned or acquiesced in attacks by private actors. This determination is likewise supported by the record, and we discern no error in the BIA's analysis.

IV.

For the reasons we have given, we will deny Susanti's petition for review.