**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2189

_____

MAURICIO ANTONIO ALVARENGA-VASQUEZ
A/K/A Mauricio Alvarenga,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-943-599)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 22, 2012

Before:  AMBRO, FISHER and GARTH, Circuit Judges

(Opinion filed:  August 23, 2012)

_____

OPINION

_____

PER CURIAM

Mauricio Alvarenga-Vasquez petitions for review of a final order of removal. For the reasons discussed below, we will dismiss in part and deny in part the petition for review.

Alvarenga-Vasquez, a native and citizen of El Salvador, entered the United States without inspection in 2010. The Department of Homeland Security issued a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(1) as an alien present in the United States without being admitted or paroled. Alvarenga-Vasquez conceded his removability and filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

At a November 2011 merits hearing, Alvarenga-Vasquez testified before the Immigration Judge ("IJ") that he left El Salvador because he was being recruited by a local gang. He claimed that in 2008, three members of the MS-13 gang approached him in a park and told him that he would have to join the gang in order to continue attending public school. Alvarenga-Vasquez refused and the gang members left him alone. However, because Alvarenga-Vasquez believed that the gang members would continue to recruit him, he quit school and went to live with his grandmother in another neighborhood.

---

[1] Alvarenga-Vasquez later conceded that his asylum application was time-barred and the IJ did not consider his eligibility for such relief.

Alvarenga-Vasquez testified that he did not have any other problems with gang members before leaving El Salvador, but believes that he will be pursued upon his return to the country. Although his cousin is a police officer in the area where he lives, he does not believe that law enforcement officials would be able to protect him from potential violence. Alvarenga-Vasquez also admitted that there is an existing warrant for his arrest in El Salvador as an accomplice to an aggravated manslaughter.

After the hearing, the IJ denied Alvarenga-Vasquez's request for withholding of removal on the basis of an adverse credibility finding. Specifically, the IJ determined that Alvarenga-Vasquez's hearing testimony was inconsistent with his application for relief. The IJ also determined that Alvarenga-Vasquez did not show a clear probability that his life or freedom would be threatened on account of a protected ground if he returned to El Salvador. Finally, the IJ concluded that Alvarenga-Vasquez had not satisfied his burden of proof for relief under the CAT.

In an order dated April 11, 2012, the Board of Immigration Appeals ("BIA" or "Board") dismissed Alvarenga-Vasquez's administrative appeal. The BIA found no clear error in the IJ's factual findings, including the adverse credibility determination. The Board also agreed that Alvarenga-Vasquez had not demonstrated his eligibility for withholding of removal or relief under the CAT. This petition for review followed.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Prior to raising an issue for judicial review, a petitioner must exhaust all administrative remedies available as of right regarding that issue. 8 U.S.C. § 1252(d)(1);

3

Sandie v. Att'y Gen., 562 F.3d 246, 250 n.1 (3d Cir. 2009). This is a jurisdictional requirement. See Hoxha v. Holder, 559 F.3d 157, 159 & n.3 (3d Cir. 2009). When, as in this case, "the BIA issues a separate opinion . . . we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA defers to it." Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). We exercise de novo review over the BIA's legal determinations. Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004). We review agency factual determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Alvarenga-Vasquez first argues that the agency incorrectly determined that he failed to demonstrate his eligibility for protection under the CAT.[2] To obtain CAT relief, Alvarenga-Vasquez must establish that it is more likely than not that he will be tortured by or with the acquiescence of governmental authorities if removed to El Salvador. See 8 C.F.R. § 1208.16(c)(2). For an act to constitute torture under the CAT, it must cause severe physical or mental pain or suffering. Auguste v. Ridge, 395 F.3d 123, 151 (3d Cir. 2005).

---

[2] We agree with the Government that Alvarenga-Vasquez has waived review of the denial of his application for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). Alvarenga-Vasquez's opening brief fails to acknowledge, much less challenge, the agency's finding that he is ineligible for such relief because he failed to testify credibly, or alternatively, because he did not he did not satisfy his burden of proof. See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010) (holding that argument not raised in opening brief is waived).

The BIA's rejection of Alvarenga-Vasquez's CAT claim is supported by substantial evidence. Alvarenga-Vasquez did not testify that he or any of his family members have ever been severely harmed by members of the MS-13 gang. In fact, he testified that when he rejected overtures to join the gang, he was left alone. Although Alvarenga-Vasquez claims that his mother received threatening phone calls because he refused to join the gang, he testified that those threatening calls were related to payment of rent money. Further, contrary to Alvarenga-Vasquez's assertion, nothing in the record compels the conclusion that the El Salvadoran government likely will torture him, or acquiesce in his torture. Although the 2010 State Department Human Rights Report describes instances of corruption, it also describes the government's efforts to arrest and prosecute gang members, as well as curb criminal activity in prisons and detention centers. (Administrative Record at 112-16.) In sum, we discern no basis to disturb the agency's finding that Alvarenga-Vasquez fails to qualify for CAT protection.

Alvarenga-Vasquez also argues that the proceedings should be remanded for the Board to consider whether he is eligible for relief based on "family unity." (Pet.'s Br. at 6-7.) However, because Alvarenga-Vasquez did not present any argument about family unity-based relief to the IJ or the BIA, the claim is unexhausted and thus we lack jurisdiction to consider it. Hoxha, 559 F.3d at 159 & n.3.

Accordingly, we dismiss in part and deny in part the petition for review.

5