**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2488

_____

BRAD TOBY,
                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-015-729)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2018
Before:  VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed:  April 19, 2018)

_____

OPINION[*]

_____

PER CURIAM

    Brad Toby ("Toby"), a native and citizen of Trinidad and Tobago who is

proceeding pro se, petitions for review of his final order of removal of the Board of

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Immigration Appeals ("BIA"). For the following reasons, we will dismiss the petition in part and deny the petition in part.

Toby arrived in the United States in 1994. He was admitted as a temporary visitor and remained in the United States past the date until which he was authorized to stay. In 2006, he was convicted in New Jersey of possession with intent to distribute a controlled substance, marijuana, in violation of N.J. Stat. Ann. § 2C:35-5(a)(1) & (b)(12). In 2011, the Department of Homeland Security ("DHS") charged him as removable as a person present in the United States without a valid visa under 8 U.S.C. § 1227(a)(1)(B), and, in light of his 2006 conviction, as an alien convicted of a controlled substance violation under § 1227(a)(2)(B)(i). In 2013, Toby was convicted in New Jersey of possession with intent to distribute a controlled substance, cocaine, in violation of N.J. Stat. Ann. § 2C:35-5(a)(1) & (b)(1). DHS subsequently filed an additional charge of removability under § 1227(a)(2)(A)(iii), charging him as removable as a person convicted of an illicit-trafficking aggravated felony. Toby conceded removability pursuant to § 1227(a)(1)(B) and § 1227(a)(2)(B)(i), but denied removability pursuant to § 1227(a)(2)(A)(iii). Toby sought relief from removal in the form of asylum, cancellation of removal, withholding of removal, and protection under the Convention Against Torture ("CAT") on the ground that he faces mistreatment in Trinidad and Tobago because he is gay.

The Immigration Judge ("IJ") concluded that Toby's 2013 conviction for possession with intent to distribute cocaine constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) and sustained all three charges of removability. The IJ further

concluded that Toby was ineligible for cancellation of removal in light of his aggravated felony conviction, and because the conviction also constituted a "particularly serious crime," the IJ concluded that Toby was ineligible for asylum and withholding of removal. The IJ denied Toby's application for deferral of removal under CAT on the merits, concluding that the record did not indicate that it was more likely than not that Toby, as a gay man, would face torture by, or with the acquiescence of, a public official if he were to return to Trinidad and Tobago.

Toby submitted a pro se notice of appeal to the BIA to challenge the IJ's decision, but he later obtained counsel and counsel filed a brief. In his counseled brief, Toby only challenged the IJ's denial of his application for deferral of removal under CAT. The BIA affirmed the IJ's denial of the CAT application, stating that "[d]iscriminatory criminal and immigration laws, and random acts of violence [against gay men in Trinidad and Tobago], although disturbing, are insufficient to establish a likelihood of torture." BIA Decision at 1. This petition for review followed.

In his brief, Toby argues that: (1) his 2013 conviction for possession with intent to distribute cocaine is not an illicit-trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B); (2) his 2006 conviction for marijuana possession is also not an aggravated felony; (3) counsel's failure to challenge on appeal the IJ's finding that he was convicted of an aggravated felony and the related denial of his applications for asylum, cancellation of removal, and withholding of removal rendered the proceeding so fundamentally unfair it violated his due process rights; and (4) the agency erred by failing

3

to determine that he presented sufficient evidence to establish his claim for CAT relief. The Government opposes Toby's petition on jurisdictional grounds.

We agree with the Government that we lack jurisdiction, based on Toby's failure to exhaust administrative remedies, over his claims challenging the IJ's finding that he was convicted of an aggravated felony and was thus ineligible for asylum, withholding of removal, and cancellation of removal. In this regard, in his pro se notice of appeal, Toby did challenge the IJ's denial of his applications for asylum, withholding of removal, and cancellation of removal. But, in his counseled brief to the BIA, Toby explicitly stated that he did not challenge the IJ's denial of those applications due to his prior conviction. Administrative Record at 10. Determining whether an issue is properly exhausted requires an examination "of the nature of the notice provided to the BIA by both the Notice of Appeal and any brief filed with the BIA." Hoxha v. Holder, 559 F.3d 157, 160 (3d Cir. 2009). And although "our case law does not foreclose judicial review of an issue that was sufficiently raised in a notice of appeal to the BIA, but never argued in the brief subsequently submitted to the agency," id. at 161, under these circumstances, the BIA was correct to rely on Toby's counseled waiver and conclude that "[Toby] did not challenge the [IJ]'s determinations that [he] is ineligible for asylum, withholding of removal, and cancellation of removal," BIA Decision at 1 n.1.

We also agree with the Government that Toby failed to exhaust his administrative remedies with respect to his claim that counsel's failure to challenge on appeal the IJ's finding that he was convicted of an aggravated felony and the related denial of his

4

applications for asylum, withholding of removal, and cancellation of removal rendered the proceeding so fundamentally unfair it violated his due process rights. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). To the extent that Toby raises a distinct claim of ineffectiveness as a reason to grant his petition for review, we lack jurisdiction to consider it because it is unexhausted. To the extent that Toby raises this claim as a means to excuse his failure to exhaust his other claims, the only way to raise his claims would be to file a motion to reopen with the BIA, in connection with a properly-raised claim of ineffective assistance of counsel. See In re Lozada, 19 I. & N. Dec. 637 (BIA 1988); see also Contreras v. Att'y Gen., 665 F.3d 578, 584 & n.5 (3d Cir. 2012) (explaining requirements for ineffective assistance of counsel claim in immigration context).

Finally, as to his CAT claim, Toby had the burden of showing that it was more likely than not that he would be intentionally tortured by or at the instigation of, or with the consent or acquiescence of, a public official. 8 C.F.R. §§ 1208.16(c), 1208.17. The likelihood of torture is comprised of a factual component ("what is likely to happen to the petitioner if removed") and a legal one ("does what is likely to happen amount to the legal definition of torture"). Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010). Because Toby is subject to removal based on an aggravated-felony conviction, we may only review the second part of the inquiry, our jurisdiction being constrained to "'constitutional claims or questions of law,' as 'factual or discretionary determinations are outside of [this Court's] scope of review.'" Myrie v. Att'y Gen., 855 F.3d 509, 515

5

(3d Cir. 2017) (quoting Pierre v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009)).

Toby argues that the IJ erred by failing to determine that he presented sufficient evidence to establish his claim for CAT relief. He argues that the Trinidad and Tobago 2015 Department of State Report demonstrated that he would suffer torture by public officials because it details that consensual same-sex sexual activity is criminalized in that country. Toby also points to an example provided by the report that an LGBTI individual was verbally mistreated by police officers when he tried to report a crime. But the BIA upheld the IJ's finding that Trinidad and Tobago's discriminatory laws were generally not enforced, except in conjunction with other serious crimes, such as rape. It also determined that the existence of discriminatory criminal laws did not make it likely Toby would suffer torture.

We agree with the Government that, in light of Toby's conviction for an aggravated felony, we lack jurisdiction to review his challenge to the IJ's factual finding that Trinidad and Tobago's discriminatory laws are generally not enforced. See Myrie 855 F.3d at 515. But we do have jurisdiction over Toby's challenge to the BIA's legal determination that the existence of discriminatory criminal laws does not constitute torture. See id. Yet this claim is meritless. We are bound by the BIA's factual finding that the law criminalizing same-sex sexual activity is generally not enforced, except in conjunction with other serious crimes, such as rape. Toby's fear of imprisonment based solely on his homosexuality is therefore speculative and insufficient to meet his burden of

6

proof.  See Denis v. Att'y Gen, 633 F.3d 201, 218 (3d Cir. 2011).[1]

For the foregoing reasons, we will dismiss in part and deny in part Toby's petition for review.  We will dismiss Toby's petition for review for lack of jurisdiction to the extent he challenges the finding that he was convicted of an aggravated felony, as well as the related denial of his applications for asylum, withholding of removal, and cancellation of removal, and to the extent he raises a claim that his counsel's failure to challenge to the BIA the IJ's denial of his applications for asylum, withholding of removal, and cancellation of removal rendered the administrative proceedings so fundamentally unfair that his due process rights were violated.  As to Toby's challenge to the denial of CAT relief, we will dismiss his petition for review for lack of jurisdiction to the extent he challenges the IJ's factual findings, and, to the extent that we have jurisdiction over his petition for review, we will deny it.

---

[1]Toby also asks this Court to consider new evidence in support of his CAT claim that he contends was unavailable for his removal hearing.  This evidence includes an affidavit from an individual in Trinidad and Tobago that he alleges shows increased violence against LGBTI individuals in the country, and his assertion that, after he openly expressed his sexual identity to his family in Trinidad and Tobago following his removal proceedings, his aunt made derogatory remarks suggesting he would be subjected to a hate crime in the country.  But we may not consider this evidence here.  See 8 U.S.C. § 1252(b)(4)(A) (stating that a petition for review shall be decided "only on the administrative record on which the order of removal is based").