**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1783
_____

JERMAINE LAJUAN KERR,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A059-127-018)
Immigration Judge:  Honorable Kuyomars Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a):
March 5, 2019
_____

Before:  SMITH, *Chief Judge*, AMBRO and RESTREPO, *Circuit Judges*.

(Opinion Filed: May 21, 2019)

_____

OPINION[*]
_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Petitioner Jermaine LaJuan Kerr seeks review of the decision of the Board of Immigration Appeals ("BIA"), which dismissed his appeal of an order of removal entered by the Immigration Court. While Kerr advances several arguments in support of his Petition, he advanced none of these arguments in support of his appeal to the BIA. Therefore, the Court lacks jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(d)(1).

The Immigration and Nationality Act of 1965 places restrictions on the jurisdiction of this Court to review final orders of removal. As relevant to this case, the Act provides that the Court may review final orders of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This statutory provision "require[s] an alien 'to raise or exhaust his or her remedies as to each claim or ground for relief [before the BIA] if he or she is to preserve the right of judicial review of that claim.'" *Hoxha v. Holder*, 559 F.3d 157, 159 (3d Cir. 2009) (alteration in original) (quoting *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 (3d Cir.2003)). This statutory exhaustion requirement is jurisdictional. *Xie v. Ashcroft*, 359 F.3d 239, 245 n.8 (3d Cir. 2004).

In support of his Petition, Kerr advances three arguments: (1) the Immigration Court should have granted Kerr a continuance to afford him a reasonable opportunity to confer with his retained counsel, who allegedly provided ineffective assistance because Kerr may have been entitled to forms of relief that his counsel did not pursue, *see* Petitioner Br. 11–21; (2) the Immigration Court should have granted Kerr a continuance to afford his

2

retained counsel, who allegedly "babys[a]t Mr. Kerr for an afternoon," an adequate opportunity to prepare to challenge the Government's production of evidence that Kerr had committed either an "aggravated felony" or a "particularly serious crime" under 8 U.S.C. § 1227(a)(2)(A) and 1231(b)(3)(B), respectively, *id.* at 29; and (3) the Government failed to demonstrate that Kerr had been convicted of an aggravated felony, *see id.* at 29–38. The sole issue that Kerr presented in his brief in support of his appeal to the BIA, however, was whether "the Immigration Judge err[ed] in his decision to deny [Kerr]'s application for withholding and request for deferral . . . under the Convention Against Torture, holding that [Kerr] had failed to meet his burden that he would be tortured if removed to Jamaica." A.R. 19. Thus, on appeal to the BIA, Kerr raised an issue solely with respect to the Immigration Judge's determination that Kerr had not established a clear probability that he would be tortured if he were to return to his native country and country of citizenship, Jamaica. Kerr did *not* raise issues with respect to the failure of the Immigration Court to grant a continuance, the effectiveness of his counsel, or the Immigration Court's determinations regarding aggravated felonies or particularly serious crimes.[1] *See id.* at 17–28. In fact, the BIA specifically noted in its opinion that Kerr "ha[d] not challenged the Immigration Judge's findings" with respect to whether Kerr's prior convictions constituted particularly serious crimes under 8 U.S.C. § 1231(b)(3)(B). App. 11.

---

[1] To the extent Kerr is attempting to use his claim of ineffective assistance of counsel as a method for raising his otherwise unexhausted claims, such a claim must itself be exhausted. An ineffectiveness claim should be presented to the BIA in the first instance via a motion to reopen. *See Lu v. Ashcroft*, 259 F.3d 127, 132 (3d Cir. 2001). Kerr did not move to reopen or attempt to comply with the BIA's procedural requirements for pursuing an ineffectiveness claim. See *Fadiga v. Attorney Gen.*, 488 F.3d 142, 155 (3d Cir. 2007).

Therefore, Kerr failed to preserve the right of judicial review of all the claims raised in his Petition because he failed to raise such claims on appeal to the BIA. *See Hoxha*, 559 F.3d at 159. Accordingly, we lack jurisdiction to review the BIA's final order of removal on the bases advanced by Kerr pursuant to 8 U.S.C. § 1252(d)(1). *See Xie*, 359 F.3d at 245 n.8. The Petition therefore will be denied.