**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3760
_____

RAUL RODRIGUEZ-GALVEZ,
                                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A215-915-184)
Immigration Judge:  Kuyomars Q. Golparvar

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2020
Before:  SHWARTZ, RESTREPO and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 8, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Raul Rodriguez-Galvez seeks review of the final agency order authorizing his removal from the United States. We will deny his petition for review.

I.

Rodriguez-Galvez is a citizen of Honduras. In 2018, he arrived at the United States' southern border to seek asylum, claiming fear of harm based on kinship ties—local criminals stole the family farm, killed Rodriguez-Galvez's father and brother, and attempted to kill him as well—as well as an imputed political opinion of 'supporting law and order.' An immigration judge (IJ) found Rodriguez-Galvez inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (making inadmissible aliens who seek admission without valid travel documents). A merits hearing on his applications for relief followed.

The IJ found that Rodriguez-Galvez's testimony at the hearing was not credible. The IJ determined that, even if the testimony were credible, asylum should still be denied. While determining that past harm to Rodriguez-Galvez was persecution-level severe, and that his asserted particular social group ("PSG") of kinship ties was cognizable, the IJ found no nexus between the harm and the PSG.[1] The IJ also

---

[1] The IJ's recognition of Rodriguez-Galvez's nuclear family as a PSG was based on Matter of L-E-A-, 27 I. & N. Dec. 40, 42 (BIA 2017), overruled in part by 27 I. & N. Dec. 581 (A.G. 2019), which has since fallen out of favor at the agency level, see, e.g., L-E-A-, 27 I. & N. Dec. at 586 ("In the ordinary case, a family group will not [be a PSG], because it will not have the kind of identifying characteristics that render the family socially distinct within the society in question."); Matter of A-B-, 27 I. & N. Dec. 316, 333 n.8 (A.G. 2018) ("There is reason to doubt that a nuclear family can comprise a

2

determined that Rodriguez-Galvez failed to advance a cognizable imputed political opinion and that, regardless, there is no evidence of the required nexus between such an opinion and any harm that might befall Rodriguez-Galvez if removed to Honduras.  The IJ denied withholding of removal under the Immigration and Nationality Act based on the same reasons it denied asylum.  The IJ denied relief under the Convention Against Torture (CAT) because there was no evidence that the Honduran government would acquiesce to any harm inflicted upon Rodriguez-Galvez.

On appeal, the BIA assumed, arguendo, that Rodriguez-Galvez's testimony was credible, and it affirmed the decision of the IJ.  The BIA determined that both the CAT claim and the claim based on a kinship PSG were unbriefed and thus waived.[2]  As for Rodriguez-Galvez's claim based on an imputed political opinion, the BIA agreed with the IJ that there was no evidence of nexus and, separately, rejected the argument that the IJ misapplied the burden of proof.

Proceeding pro se, Rodriguez-Galvez then filed this petition for review.

---

[PSG].").  For its part, this Court has observed that kinship can "be a defining characteristic" of a PSG. S.E.R.L. v. Att'y Gen., 894 F.3d 535, 556 (3d Cir. 2018).

[2] The counseled BIA brief filed Rodriguez-Galvez focused almost exclusively on the IJ's adverse credibility determination.  It does not appear that Rodriguez-Galvez has filed a motion to reopen, based on a claim of ineffective assistance of counsel under Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).  Nor has he briefed such a claim here.

II.

We have jurisdiction to review final orders of removal. See 8 U.S.C. § 1252(a)(1). But we may do so only to the extent that "the alien has exhausted all administrative remedies available to the alien as of right[.]" 8 U.S.C. § 1252(d)(1). Under § 1252(d)(1), an alien is required "to raise or exhaust his or her remedies as to each claim or ground for relief [before the BIA] if he or she is to preserve the right of judicial review of that claim." Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009) (citation and internal quotations omitted). That exhaustion requirement is dispositive here.

We recognize that substantial time was put into crafting Rodriguez-Galvez's opening brief. However, due to the narrowly focused appellate briefing by Rodriguez-Galvez's counsel before the BIA, see AR 5-12, all but one of the issues raised here is unexhausted and thus unreviewable.[3]

The one issue presented in the opening brief that was properly exhausted before the BIA is Rodriguez-Galvez's challenge to the IJ's adverse credibility determination. But we are reviewing the BIA's decision, and consider the IJ's decision only insofar as the BIA deferred to it. See Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012). For that reason, arguments about the IJ's adverse credibility determination, see Pet'r Br. at

---

[3] Rodriguez-Galvez does not challenge the BIA's ruling that issues concerning the kinship PSG and CAT claims were waived. We discern no basis to disturb the BIA's waiver ruling. Cf. Uddin v. Att'y Gen., 870 F.3d 282, 288-89 (3d Cir. 2017), as amended (Sept. 25, 2017).

4

16, inclusive of whether medical evidence corroborated testimony about Rodriguez-Galvez's gunshot wound, see id. at 19, are inapt; the BIA assumed on appeal that the testimony was credible, and we would do the same. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009).

Finally, we observe that we could have considered arguments concerning Rodriguez-Galvez's claim of persecution on account of an allegedly imputed political opinion. But no such arguments are presented, let alone developed, in the opening brief, so they are waived. See In re: Asbestos Prods. Liab. Litig. (No. VI), 873 F.3d 232, 237 (3d Cir. 2017).

Accordingly, for the reasons outlined above, Rodriguez-Galvez's petition for review will be denied.